2 U.S. 297 (____)
2 Dall. 297
The UNITED STATES
versus
RAVARA.
Supreme Court of United States.

Present, WILSON, IREDELL and PETERS, Justices.
*298 WILSON, Justice.
I am of opinion, that although the Constitution vests in the Supreme Court an original jurisdiction, in cases like the present, it does not preclude the Legislature from exercising the power of vesting a concurrent jurisdiction, in such inferior Courts, as might by law be established: And as the Legislature has expressly declared, that the Circuit Court shall have "exclusive cognizance of all crimes and offences, cognizable under the authority of the United States," I think the indictment ought to be sustained.
IREDELL, Justice.
I do not concur in this opinion, because it appears to me, that for obvious reasons of public policy, the *299 Constitution intended to vest an exclusive jurisdiction in the Supreme Court, upon all questions relating to the Public Agents of Foreign Nations. Besides, the context of the judiciary article of the Constitution seems fairly to justify the interpretation, that the word original, means exclusive, jurisdiction.
PETERS, Justice:
As I agree in the opinion expressed by Judge Wilson, for the reasons which he has assigned, it is unnecessary to enter into any detail.
The motion for quashing the indictment was accordingly rejected, and the defendant pleaded not guilty; but his trial was postponed, by consent, 'till the next Term.[*]
NOTES
[*] The defendant was tried in April Session, 1794, before JAY, Chief Justice, and PETERS, Justice; and was defended, by the same advocates, on the following points: 1st. That the matter charged in the indictment was not a crime by the Common Law, nor is it made such by any positive Law of the United States. In England it was once Treason; it is now felony; but in both instances it was the effect of positive law. It can only, therefore, be considered as a bare menace of bodily hurt; and, without a consequent inconvenience, it is no injury public or private. 4 Bl. C. 5. 8 Hen. 6. c. 6. 9. Geo. 1. c. 22. 4 Bl, C. 144. 3 Bl. C. 120. 2d. That considering the official character of the defendant, such a proceeding ought not to be sustained, nor such a punishment inflicted. The law of nations is a part of the law of the United States; and the law of nations seems to require, that a Consul should be independent of the ordinary criminal justice of the place where he resides. Vatt. b. 2. c. 2. s. 34. 3d. But that, exclusive of the legal exceptions, the prosecution had not been maintained in point of evidence; for, it was all circumstantial and presumptive, and that too, in so slight a degree, as ought not to weigh with a Jury on so important an issue. 2 Hat. H.P.C. 289. 4 Smol. Hist. Eng. p. 382. in not.

Rawle, in reply, insisted that the offence was indictable at common law; that the Consular character of the defendant gave jurisdiction to the Circuit Court, and did not entitle him to an exemption from prosecution agreeably to the law of nations; and that the proof was as strong as the nature of the case allowed, or the rules of evidence required. In support of his argument he cited the following authorities. 4 Bl. Com. 142. 144. 1 Lev. 146. 1 Keb. 809. 4 Bl. C. 180. Stra. 193. 4. Bl. C. 242. Crown Circ. 376. Fost. 128. Leach 204. 1 Dall. Rep. 338. 1 Sid. 168. Comb. 304. Leach 39. Ld. Ray. 1461. 1 Dall. Rep. 45.
THE COURT were of opinion in the charge, that the offence was indictable, and that the defendant was not privileged from prosecution, in virtue of his Consular appointment.
The Jury, after a short consultation, pronounced the defendant, Guilty; but he was afterwards pardoned, on condition (as I have heard) that he surrendered his commission and Exequatur.
As to the question of jurisdiction, see The United States versus Worral, post.