At this term of the Court, Christopher R. Evans was indicted and tried for sending a threatening letter to Daniel Cummins to extort money from him. It bore date March 4th 1860 without the place of residence of the writer of it, but was mailed at the post office in Dover, addressed to him at Smyrna, and was received by him at the post office there on the day following, and was as follows: *Page 98 
DANIEL CUMMINS:
Sir, on receipt of this you will deposit, or cause to be deposited in the Bank of Smyrna, five hundred dollars, and fill up a check on said Bank for said amount made payable to R. S. Durand or order, then sign your name to it and have the cashier of said Bank to mark it "good when endorsed" and sign his name to it. You will then forward said check to Mr. C. R. Durand, Wilmington, Delaware, enclose it in an envelope directed as above. If you value your life you will obey this to the letter. Of course you will say nothing about this to any one, nor inform any person of it by letter or otherwise, neither will you show this letter to any person whatever. You will number the check properly and send it on at once. If you inform any bank officer in this or any other state that you have been compelled to make this check, or if you show this to any person or take any means of informing any person that you have received it, or take any steps to lead to the detection of the authors of this letter, you shall surely die. If you neglect to obey this, your life shall be the forfeit. You have wronged them, and must make it right, or die. You will be closely watched from this date, until the sixth of this month, and if you do not quietly do as you are bidden in this, and burn this letter, you shall not live. Finally, if, after you have done what we here bid you, it ever becomes known that you have done it, or that you have received this, remember that you shall die. Any effort on your part to evade this will certainly result in death to you. It is impossible for you to know who we are, as the gentleman named in this is only an agent for us. and received letters for us without knowing what they contain, and as he never receives any letters of his own, we have ours directed to him.
SEVEN BROTHERS.
The evidence against the accused was wholly circumstantial in its character and consisted of another letter received on the 9th of March, and dated on that day and bearing the same signature, by Mr. Cummins by *Page 99 
mail from Philadelphia, repeating the demand and threats, and another also of the same date received by mail from that city by the postmaster at Wilmington on that day, purporting to have been written by R. S. Durand and directing any letter coming to his office for him, should be forwarded to him at the post office at Leipsic Station on the Delaware Railroad, and which were proved by experts to have been written in a feigned hand and by the same person. That he boarded at Keith's Cross Roads in Little Creek Hundred, Kent County, but was in Dover several hours on Sunday, the 4th of March. On the 6th of the month the postmaster at Wilmington and his clerks had been notified of the occurrence and requested by Mr. Cummins to watch for and have arrested any one who might enquire at that office for a letter addressed to R. S. Durand, by one of whom he was particularly noticed and identified as the person who enquired at that office for a letter so addressed on the Thursday following, the 8th of March, when the other clerks were absent from it at dinner; and that on his arrest and hearing before the Justice of the Peace for the offense, he admitted that he had enquired at the post office in Wilmington for a letter addressed to R. S. Durand, but received none, and then went to Philadelphia where he spent the night and came home again down the railroad the next day. To rebut this it was proved by persons familiar with his hand-writing that the letters were not in his hand-writing, and that his character had always been unusually good and irreproachable.
For the State it was contended that it was an offense indictable at common law, notwithstanding the letter had failed to extort money from Mr. Cummins, if the Court and the Jury should be of opinion that it was of such a character with the atrocious threats contained in it, to intimidate and constrain a firm and discreet man to comply with the demand made in it. Rev. Code 475, Whart. Am. Cr. Law
2. 3. 4. 5. State v. Benedict, 11 Verm. 336,U. S. v. Ravalla, 2 Dall. 297. *Page 100 
On the other hand for the defendant it was contended that unless the state had proved a case of duress, or the money had been extorted by the threatening letter sent, it was not an indictable offense at common law; and as there is no statute in this case on the subject, the indictment would not lie in this case. Rex v. Sutherton, 6East 126, 2 Russ. on Crimes 706. 1 Hawk. 585, stated the rule differently and referred to Hale's P. C. 567, but which did not support him; on the contrary, it was in accord with the authorities before cited. In the form of indictment at common law prescribed in 3 East 842, it was, among other things, averred that the money was extorted by the threatening letter sent; and such had been the doctrine recognized and ruled in the state of New York.People v. Griffin, 2 Barb. 430.
that the offense alleged in the indictment was the sending of a threatening letter with a view to extort money, and on the part of the defendant it was contended that this is not an offense indictable at common law, or under the laws of this state, as we have no statute expressly on the subject. But it has been decided in England that it is an offense at common law, and indictable as such, independently of the statutes in that country on the subject. This we understand to have been recognized and ruled in the case cited by the counsel for the defendant of Rex v. Sutherton, 6 East, 126, and that too without extorting the money demanded in it; for if it threaten personal violence or injury to the party menaced and the threat is of such a character as would be calculated to induce a firm and prudent man to part with his money and submit to the demand, it is an indictable offense at common law, and under the general statutory provision of this state in regard to common law offenses not expressly provided for by statute, notwithstanding the party threatened may not have yielded to the threat.
 Verdict not Guilty. *Page 101