## In re IASIGI.

### (District Court, S. D. New York. March 10, 1897.)

HABEAS CORPUS—STATE EXTRADITION—PROCEEDINGS AGAINST CONSULS — PRELIMINARY PROCEEDINGS BEFORE STATE MAGISTRATES LAWFUL.

The Turkish consul I., being charged with embezzlement in Massachusetts, was committed in New York by a city magistrate for 30 days, to await requisition from the governor of Massachusetts, in pursuance of the New York statute; on habeas corpus, held, that even though criminal offenses by consuls may still be exclusively triable in the federal courts under sections 563 and 711 of the Revised Statutes, the exclusion of state authority by section 711 is limited to the exclusion of state courts, and is not applicable to preliminary proceedings in extradition, or to a commitment by magistrates not acting as a court; (2) that the peculiar circumstances attending the repeal of paragraph 8 of section 711 as well as the language of paragraph 8 itself, apparently confined to civil suits, prevents any extension of that repeal by implication.

Coudert Bros., F. R. Coudert, C. F. Adams, and David Keane, for petitioner.

W. M. H. Olcott, Dist. Atty. (John D. Lindsay, of counsel), and Stickney, Spencer & Ordway, opposed.

BROWN, District Judge. This is a proceeding by habeas corpus to procure the release of the prisoner, the Turkish consul general at Boston, from custody, upon a commitment made by a city magistrate on a charge of embezzlement in Massachusetts in violation of the law of that state, but not in violation of any statute of the United States. The commitment was in pursuance of a law of the state of New York, authorizing such a commitment for 30 days to await any requisition from the governor of Massachusetts.

The petition avers that the accused is the consul general of the sultan of Turkey, at Boston, duly recognized as such by the government of the United States; that the embezzlement is charged to have occurred on July 1, 1892; that he was arrested while on a visit here, where access was impossible to his books and papers to vindicate himself; and that no indictment has been found against him; and it is contended that the proceedings before the city magistrate were without authority or jurisdiction, because of the petitioner's consular office. The amended return to the writ shows that the petitioner is a native-born citizen of Massachusetts.

A consul is not entitled, by virtue of his office as consul merely, to the immunities of a foreign minister. On the contrary, according to the rule of international law, he is subject civilly and criminally, like other residents, to the tribunals of the country in which he resides. 1 Kent, Comm. *44; Wheat. Int. Law (Lawrence's Ed.) 423; The Anne, 3 Wheat. 435; Gittings v. Crawford, Taney, 1, Fed. Cas. No. 5,465; Coppell v. Hall, 7 Wall. 542, 553; In re Baiz, 135 U. S. 424, 10 Sup. Ct. 854; Hollander v. Baiz, 41 Fed. 732.

Under our dual judicial system, state and federal, in the absence of any special provision of law, the petitioner would, therefore, be subject to arrest and prosecution in the local tribunals in the same manner as other persons; so that the question presented is not one of immunity from punishment, but only as to the proper mode of proceeding, and whether his commitment and detention by a city magistrate under a state law for rendition to Massachusetts, where alone the offense can be tried, are unlawful.

The provisions of the constitution, and the acts of congress thereunder, as respects public ministers and consuls, create a limited class of cases which are sui generis. By the second section of the third article of the constitution the judicial power of the United States is extended to "all cases affecting ambassadors, other public ministers, and consuls"; and as to this special class of cases the constitution in the same section further declares that "the supreme court shall have jurisdiction." Thus all cases affecting consuls, whether civil or criminal, and whether arising under acts of congress, or under the common law or state statutes, are made cognizable by the supreme court, and thus "cognizable under the authority of the United States," without any further action by congress. U. S. v. Hudson, 7 Cranch, 32, 33. Under the general grant of judicial power, congress, however, further provided by the judiciary act of 1789 (1 Stat. 73) that the supreme court should have "original but not exclusive jurisdiction of all suits in which a consul or vice-consul shall be a party" (section 13); that the district courts "shall have, exclusive of the courts of the several states, cognizance of all crimes and offenses that shall be cognizable under the authority of the United States, where the punishment should not exceed six months' imprisonment," etc.; "and shall also have jurisdiction, exclusive of the courts of the several states, of all suits against consuls and vice-consuls, except for offenses above the description aforesaid (section 9); and that the circuit courts shall have exclusive cognizance of all crimes and offenses cognizable under the authority of the United States (except where otherwise

provided), and concurrent jurisdiction with the district courts of the crimes and offenses cognizable therein."

Under these provisions it remained the accepted law until 1875, that the federal courts had exclusive jurisdiction of offenses by consuls, whether at common law or under state or United States statutes. The ordinary rule that the United States could not punish common law or state offenses, did not apply. U. S. v. Ravara, 2 Dall. 297; Com. v. Kosloff, 5 Serg. & R. 545; U. S. v. Ortega, 11 Wheat. 472, 473, note. And Tennessee v. Davis, 100 U. S. 257, and Virginia v. Paul, 148 U. S. 107, 13 Sup. Ct. 536, were decided on the same principle.

The provisions of the judiciary act were carried into the United States Revised Statutes (enacted June 22, 1874) without any substantial change, but under a different arrangement. See section 563, pars. 1, 17; section 629, par. 20; section 687; section 711, pars. 1, 8. By this latter paragraph (8) the jurisdiction of the state courts was excluded in all "suits or proceedings" against consuls. The word "proceedings" in that paragraph was new; while the word "offenses," which was in the exception in section 9 of the judiciary act, was omitted in paragraph 8 of section 711.

By the act of February 18, 1875 (18 Stat. 316, c. 80), the eighth paragraph of section 711 was stricken out. The provisions of sections 563 and 629 conferring jurisdiction on the federal courts in all cases against consuls, both of crimes and of suits, were left untouched; and so was the exclusive jurisdiction of crimes and offenses under the first paragraph of section 711.

It is contended that by the repeal of the eighth paragraph of section 711, referring only to "suits or proceedings" against consuls, the jurisdiction of the state courts is opened to the prosecution of consular crimes and offenses against the state laws; whereas it is urged in behalf of the petitioner that this repeal gives no such jurisdiction to the state courts, but leaves consular offenses cognizable as before in the federal courts alone, both by implication, from the nature of the consular relation, which involves the United States with foreign powers, and also by force of paragraph 1 of section 711 which gives the federal courts exclusive jurisdiction over "all crimes and offenses cognizable under the authority of the United States." See Miller, Lect. Const. pp. 325, 326; Cooley, Lect. Const. p. 53; U. S. v. Ravara, supra; per Story, J., in U. S. v. Coolidge, 1 Gall. 488, Fed. Cas. No. 14,857; per Tilghman, C. J., in Com. v. Kosloff, 5 Serg. & R. 585.

As respects any actual intention of congress, the repeal of paragraph 8 of section 711, by the act of 1875, affords no light. The explanation of that repeal is difficult, if not impossible. The act is entitled "An act to correct errors and supply omissions" in the Revised Statutes of the United States. It embraces over 70 different subjects; and the first section of the act declares that the amendments therein made are made "for the purpose of correcting errors and supplying omissions" in the Revised Statutes "so as to make the same truly express" the laws in force on December 1, 1873. There is no doubt that on December 1, 1873, the jurisdic-

tion of the federal courts over consular offenses was exclusive. In both houses of congress when the bill was presented, as appears from the Congressional Record, members were induced to withdraw proposed amendments on the positive assurance that this act contained no new legislation and was solely for the purposes above expressed. So far as concerns crimes and offenses, it may have been considered that the first paragraph of section 711 included all offenses committed by consuls; and that the eighth paragraph had no reference to "offenses," as it covered only "suits or proceedings." But no such explanation is possible as regards civil suits against consuls, which were certainly embraced in paragraph 8 of section 711, and nowhere else; and that paragraph probably referred solely to civil suits. But however it came about, the act of 1875 was passed, and paragraph 8 of the Revised Statutes stands repealed. So that, as stated by Mr. Justice Harlan in Bors v. Preston, 111 U. S. 261, 4 Sup. Ct. 407, there is now no statutory provision, which, in terms, makes the jurisdiction of the federal courts exclusive in suits (i. e. civil suits) against consuls. But the declared purpose of the act, and the circumstances of its passage, deprive the repeal of paragraph 8 of any effect by implication, beyond the necessary meaning of the repeal itself. Refrigerating Co. v. Sulzberger, 157 U. S. 1, 39, 15 Sup. Ct. 508.

There is a manifest propriety, amounting sometimes to a practical necessity in order to avoid international complications, that the prosecution, punishment or pardon of consuls which would necessarily materially affect their personal attention to their consular duties, should be within the control of the federal courts and of the federal government to which the consuls are accredited and which alone is responsible to foreign powers for the treatment of their representatives. While imprisonment for debt continued, the same considerations, though in a less degree, applied to civil suits. But since imprisonment for debt has been abolished, the grounds for exclusive federal jurisdiction in civil suits against consuls exist in but small degree, if at all; while in all criminal cases, all the original considerations of policy and propriety remain unchanged.

I do not think it, however, necessary or appropriate at this time to pass upon the question whether the jurisdiction of the federal courts over consular offenses is now concurrent with the state courts, or exclusive of the state courts, either by implication, or under paragraph 1 of section 711. The only question needful for me to determine is whether the petitioner is unlawfully held in custody. The offense with which he was charged is an offense against the state of Massachusetts. He was committed by a committing magistrate under section 829 of the Criminal Code of New York, which undoubtedly covers the case in general terms, making no reference to the official position of the accused. As a consul is amenable to the local law, his arrest and detention are, therefore, lawful, unless they are prohibited by implication or by section 711 of the Revised Statutes of the United States. But that section, even giving to its terms the broadest effect, goes no further than to exclude "the jurisdiction of state courts." This refers to proceed-

ings which are properly in court, or form some part of the action of a court. It does not extend to proceedings out of court. It does not forbid the exercise of the police power of the state, nor the arrest of a consular officer by a policeman when committing a crime, nor his consequent detention for surrender to the proper tribunal for punishment. And so the commitment of a consular offender by a magistrate, merely for the purpose of transmitting him to the state where the crime was committed, and where alone he can be tried, is not a proceeding in court or by any court, (Robertson v. Baldwin [Jan. 25, 1897] 17 Sup. Ct. 326,) and therefore not prohibited by section 711. And so whatever implications in favor of exclusive federal jurisdiction in consular cases may be claimed, they are in no way incompatible with a preliminary arrest by a state magistrate for removal to the proper state for trial in whichever tribunal is appropriate. The object of any such exclusive jurisdiction in the federal courts, if it still exists in fact, is evidently quite foreign to such a preliminary proceeding as this, the purpose of which is the transmission of offenders to the state where the offense is committed, to be there brought to trial in the appropriate court, whether state or federal. All questions under the United States statutes as to the proper tribunal for a trial of the cause can be more appropriately heard and determined there. This course seems the more proper in a case like the present, inasmuch as section 1014 of the Revised Statutes, the only one under which removal could be had through federal proceedings, is limited to cases of "crimes or offenses against the United States"; and this is not such an offense. Either, therefore, the petitioner must be amenable to such proceedings as the present, or else he cannot be arrested or sent back at all. As I cannot find that the arrest and detention of the accused under the law of this state, for the purposes specified, are unlawful, the application must be denied.