### WATTS v. CITY OF NEW YORK.

(Supreme Court, Appellate Division, Second Department. June 11, 1909.)

1. MUNICIPAL CORPORATIONS (§ 742*)—CLAIMS AGAINST CITY—NOTICE OF INTENTION TO SUE—CHARTER PROVISIONS—COMPLIANCE—NECESSITY.

   A complaint in an action against a city for injury to personal property was fatally defective for failing to allege service of notice of intention to commence the action on the comptroller, as required by Greater New York Charter (Laws 1901, p. 114, c. 466) § 261, as amended by Laws 1907, p. 1552, c. 677, § 1.

   [Ed. Note.—For other cases, see Municipal Corporations, Dec. Dig. § 742.*]

2. MUNICIPAL CORPORATIONS (§ 741*)—CLAIMS AGAINST CITY—NOTICE OF INTENTION TO SUE—CHARTER PROVISIONS—COMPLIANCE—NECESSITY.

   Under Greater New York Charter (Laws 1901, p. 114, c. 466) § 261, as amended by Laws 1907, p. 1552, c. 677, § 1, providing that no action against a city for injury to personal property by the negligence of the city shall be maintained unless notice of intent to sue is filed with the comptroller, etc., the filing of the notice with the corporation counsel did not meet the requirements of the statute, in the absence of proof that such notice was acted on by the comptroller.

   [Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. § 1562; Dec. Dig. § 741.*]

3. MUNICIPAL CORPORATIONS (§ 741*)—CLAIMS AGAINST CITY—NOTICE OF INTENTION TO SUE—CHARTER PROVISIONS—WAIVER.

   That plaintiff was examined before the comptroller, as required by Greater New York charter, regarding a claim for injury to personal property, did not constitute a waiver of the requirements of section 261 of the charter (Laws 1901, p. 114, c. 466), as amended by Laws 1907, p. 1552,

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

c. 677, § 1, providing that no action for injuries to personal property shall be maintained against the city unless notice of intent to sue be filed with the comptroller.

[Ed. Note.—For other cases, see Municipal Corporations, Dec. Dig. § 741.*]

Appeal from Municipal Court of New York.

Action by Henry W. Watts against the City of New York. From a judgment dismissing the complaint, and from an order denying plaintiff's motion to vacate and set aside the judgment and for a new trial, plaintiff appeals. Affirmed.

Argued before HIRSCHBERG, P. J., and WOODWARD, RICH, MILLER, and BURR, JJ.

Rufus O. Catlin, for appellant.

James D. Bell (Daniel D. Whitney, Jr., on the brief), for respondent.

RICH, J. In 1907 (Laws 1907, p. 1552, c. 677, § 1) section 261 of the Greater New York charter (Laws 1901, p. 114, c. 466) was amended by adding a provision that in cases of claims against the city for damage or injury to personal property, or the destruction thereof, occasioned by the negligence of the city, no action therefor should be maintained unless notice of an intention to commence such action, together with other details, "shall have been filed with the comptroller of said city within six months after such cause of action shall have accrued." This amendment became operative prior to the occurrence upon which the plaintiff bases this action, which is brought to recover damages for the killing of a horse and partial destruction of a wagon, owned by plaintiff, through defendant's alleged negligence. The complaint is oral, and is stated to be "damages to personal property." When the case came on for trial, counsel for the defendant moved to dismiss the complaint on the ground, among others, that it was not alleged and did not appear that the notice of intention to commence the action had been served upon the comptroller. The plaintiff was then permitted to amend his complaint by alleging that a notice of his claim was served upon the comptroller within 6 months after the cause of action accrued, that more than 30 days had elapsed since such filing, and the claim had not been paid; that a notice of intention to sue was served upon the corporation counsel on March 10, 1908; and that the plaintiff appeared before the comptroller and testified in detail to the damages he had sustained. Counsel for the defendant then moved to dismiss, upon the ground that no cause of action was stated in the complaint as amended, and the motion was granted. Subsequently the plaintiff moved, under the provisions of section 254 of the Municipal Court act (Laws 1902, p. 1563, c. 580), to vacate and set aside the judgment, and to amend the complaint by inserting an allegation that within the time limited by the statute notice of an intention to commence this action was served upon the comptroller. This motion was denied upon the ground that the court was without authority to grant the relief. From the judgment and order the plaintiff appeals.

The allegation of the filing of the claim with the comptroller and the personal examination of the plaintiff were required by the charter

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

before the amendment in 1907, and it is plainly apparent that an additional condition precedent to maintaining an action in this class of cases was intended by the Legislature. After the amendment the complaint was fatally defective because of the omission to allege service of the notice on the comptroller. This was a condition precedent to maintaining the action, and must be averred, or a cause of action is not alleged. Krall v. City of New York, 44 App. Div. 259, 60 N. Y. Supp. 661; Gmaehle v. Rosenberg, 80 App. Div. 541, 80 N. Y. Supp. 705; Curry v. City of Buffalo, 135 N. Y. 366, 32 N. E. 80. The contention that the filing of the notice with the corporation counsel met the requirements of the statute is without merit, in the absence of proof that such notice was acted upon by the comptroller (Sheehy v. City of New York, 160 N. Y. 139, 54 N. E. 749); and the contention that there was a waiver of such requirement because of the examination of the plaintiff before the comptroller cannot be sustained. In Winter v. City of Niagara Falls, 119 App. Div. 586, 104 N. Y. Supp. 39, the notice was filed with the proper officer, but not until after the time limited therefor by the statute. The notice was retained, however, and the claimant was examined. It was held that there was an election of the mode of procedure by the defendant which operated as a waiver. This decision was reversed by the Court of Appeals upon the ground that, if it was within the power of a municipality to waive the requirement of the statute, which was not decided, the complaint, to be good, must allege either an express waiver, or facts which, taken together, constitute a waiver, on the part of the defendant. 190 N. Y. 198, 82 N. E. 1101.

The motion to vacate and set aside the judgment was properly denied. The court was without jurisdiction to grant the relief sought, and the judgment and order of the Municipal Court must be affirmed, with costs. All concur.