## HIGGINSON v. HIGGINSON.

(Supreme Court, Special Term, Kings County. February 17, 1916.)

COURTS ☞489(15)—JURISDICTION OF NEW YORK SUPREME COURT—CONSTITU-
TIONAL PROVISIONS—CONSULS.

    Under Const. U. S. art. 3, § 2, subd. 1, extending the judicial power of the United States to all cases affecting consuls; subdivision 2, providing that in all cases affecting consuls the Supreme Court shall have original jurisdiction; article 3, § 1, declaring that the judicial power of the United States shall be vested in one Supreme Court and in such inferior courts as Congress may establish; article 6, subd. 2, declaring the Constitution and the laws made in pursuance thereof to be the supreme law of the land, by which the judges in every state shall be bound; Judicial Code (Act Cong. March 3, 1911, c. 231) § 24, subd. 18, 36 Stat. 1091 (U. S. Comp. St. 1913, § 991), extending the jurisdiction to all suits against consuls; and section 256, subd. 8 (section 1233), making the jurisdiction of the United States courts exclusive of the jurisdiction of the state courts in suits against consuls, the New York Supreme Court has no jurisdiction of a wife's action for separation, brought under Code Civ. Proc. § 1762, prescribing the causes for which such action may be maintained, as against her husband, the consul for the republic of Peru, so that the service of summons should be vacated, and the complaint dismissed.

    [Ed. Note.—For other cases, see Courts, Cent. Dig. § 1341; Dec. Dig. ☞489(15).]

Action for separation by Elsie Higginson against Eduardo Higginson. Service of summons vacated, and complaint dismissed.

Callahan & Hagerty, of Brooklyn, for plaintiff.
Kearny & Dickinson, of New York City, for defendant.

CLARK, J. Action for separation under section 1762 of the Code of Civil Procedure. The parties were married April 9, 1913, in the Borough of Brooklyn, where they resided at the commencement of the action. The defendant appears specially for the purpose of contesting the jurisdiction of the court. Alleging that he is consul for the republic of Peru in the city of New York, he moves on that ground alone to vacate the service of the summons and to dismiss the complaint, because this court is without jurisdiction. Whether federal courts have original jurisdiction, exclusively of state courts, of civil actions against consuls is the sole question presented for determination.

The Constitution of the United States extends the judicial power of the United States to all cases affecting ambassadors, other public ministers, and consuls. Constitution, art. 3, § 2, subd. 1. Subdivision 2 of the same article and section provides that in all cases affecting ambassadors, other public ministers, and consuls the Supreme Court shall have original jurisdiction. The Constitution further declares that the judicial power of the United States shall be vested in one Supreme Court and in such inferior courts as Congress may from time to time ordain and establish. Constitution, art. 3, § 1. Inferior courts were established by Congress about six months after the adoption of the Constitution, by what is commonly known as the Judiciary Act

of 1789 (Act Sept. 24, 1789, c. 20, 1 Stat. 76), section 9 of which provided that District Courts should have jurisdiction, "exclusively of the courts of the several states," of all suits against consuls, except for certain offenses not material to be considered here. In view of the language of the Constitution, that the Supreme Court should have original jurisdiction in all cases affecting consuls, question early arose, and was for some years mooted, whether Congress could lawfully vest original jurisdiction of such cases in District Courts. United States v. Ravara (1793) 2 Dall. 297, 1 L. Ed. 388; Marbury v. Madison (1803) 1 Cranch, 137, 2 L. Ed. 60; Osborn v. Bank of the United States (1824) 9 Wheat. 738, 6 L. Ed. 204; United States v. Ortega (1826) 11 Wheat. 467, 6 L. Ed. 521. These cases were closely analyzed by Chief Justice Taney, at circuit, in Gittings v. Crawford, 1 Taney, 1, Fed. Cas. No. 5,465 (1838), and his conclusion there reached, that the Judiciary Act was, with respect to the provision in question, constitutional, has not since been questioned.

"It could hardly have been the intention of the statesmen who framed our Constitution," said the learned Chief Justice in the Gittings Case, "to require that one of our citizens who had a petty claim of even less than $5 against another citizen, who had been clothed by some foreign government with the consular office, should be compelled to go into the Supreme Court to have a jury summoned in order to enable him to recover it."

In Davis v. Packard (1833) 7 Peters, 276, 8 L. Ed. 684, the Supreme Court of the United States, upon writ of error to the Court for the Correction of Errors of the state of New York (6 Wend. 327), declared further that the provision of the Judiciary Act which made the jurisdiction of District Courts exclusive of state courts in civil actions against consuls was likewise constitutional. Writing in the Davis Case, supra, 7 Pet. at page 281, 8 L. Ed. 684, Mr. Justice Thompson says:

"As an abstract question it is difficult to understand on what ground a state court can claim jurisdiction of civil suits against foreign consuls. By the Constitution the judicial power of the United States extends to all cases affecting ambassadors and other public ministers, and consuls, etc. And the Judiciary Act of 1789 (section 9) gives to the District Courts of the United States, *exclusively of the courts of the several states*, jurisdiction of all suits against consuls and vice consuls, except for certain offenses mentioned in the act."

The foregoing provisions of the Judiciary Act remained in force for about 86 years, having passed meanwhile, unchanged, into section 711 of the Revised Statutes of the United States, paragraph 8 of which section contained the clause which made the jurisdiction of District Courts exclusive. In 1875, however, by chapter 80 of the statutes of that year, paragraph 8, above mentioned, was stricken out. Under the act of 1875, therefore, exclusive jurisdiction of cases against consuls was not *in terms* conferred upon District Courts. Bors v. Preston, 111 U. S. 252, 261, 4 Sup. Ct. 407, 411, 28 L. Ed. 419 (1883), summarizes the effect of the act of 1875 as follows:

"But by the act of February 18, 1875, that part of section 711 last quoted was repealed (18 Stat. 318), so that, by the existing law, there is no statutory

provision which, in terms, makes the jurisdiction of the courts of the United States exclusive of the state courts in suits against consuls or vice consuls."

About 36 years after the amendment of 1875 Congress enacted the present Judicial Code. This act was passed March 3, 1911, and, while continuing the *original* jurisdiction of District Courts, it also expressly restored the former *exclusive* jurisdiction of District Courts of all civil cases against consuls (Judicial Code, § 1; section 24, subd. 18; section 256, subd. 8 [U. S. Comp. St. 1913, §§ 968, 991, 1233]). Such restoration carried with it, upon the unimpeachable authority of Davis v. Packard, supra, the constitutionality of the Judicial Code upon the question under consideration.

In the highest court of the state of New York the same question has been considered and determined. Valarino v. Thompson, 7 N. Y. 576. In the Valarino Case, Ruggles, C. J., cites the Davis Case, supra, and says:

"The defendant, therefore, is exempted as a consul from liability to be sued in the state courts. But this exemption is neither his personal privilege nor the privilege of the state by which he was commissioned. It is not founded on the law of nations, or on any treaty between his government and that of this country. If it can be regarded as a privilege belonging to him or to his office, it is only because it secures to him the protection of the national government, which is responsible to his own for any violation of his rights derived under the law of nations or from treaty. But it does not exempt him from liability to respond to his creditors, or to answer for his misconduct. Nobody denies the liability of a consul to be sued in a civil action. The act of Congress concedes it, and provides for it. It prescribes the tribunal in which a consul in this country is to be called on to answer, and excludes the state courts from jurisdiction. The object of this exclusion was to keep within the control of the federal government, and subject to the authority of its courts, all cases and controversies which might in any degree affect our foreign relations. The United States government has an interest in maintaining this exclusive jurisdiction for the purpose of preventing it from being involved in controversies with foreign powers without its consent, and for acts not its own. But this is matter of internal regulation between the general government and the several states, over which foreign governments have no control. The exemption of a consul from liability to be sued in a state court, if it can be called a privilege, is not the privilege of the consul, or of his sovereign, but of the United States government, and therefore it cannot be renounced by the consul. In Mannhardt v. Soderstrom, 1 Bin. [Pa.] 138, the defendant, who was the Swedish consul, pleaded to the merits of the case, and afterwards moved to quash the proceedings on the ground that the state court had no jurisdiction. The motion was granted, Chief Justice Tilghman remarking that 'the court will put a stop to the proceedings in any stage on its being shown that they have no jurisdiction.' "

The plaintiff has not cited, nor has the court discovered, any federal decision in which jurisdiction of a civil action against a consul has been declined. Pooley v. Luco (C. C.) 72 Fed. 561, cited by the plaintiff, presents no exception. That case was first brought in a Circuit Court of the United States for the foreclosure of a mortgage, one defendant being a foreign consul. Jurisdiction was properly denied, jurisdiction of cases against consuls never having been conferred upon Circuit Courts of the United States. The same case was then entered in the District Court of the United States for the same dis-

trict, and jurisdiction was retained. Pooley v. Luco [D. C.] 76 Fed. 146.

It is hardly necessary to add that the Constitution of the United States and the laws of the United States which are made in pursuance thereof are "the supreme law of the land, and the judges in every state shall be bound thereby, anything in the Constitution or laws of any state to the contrary notwithstanding." Const. art. 6, subd. 2.

The service of the summons will be vacated, and the complaint will be dismissed, without costs.