VLADISLAV R. SAVIE, Plaintiff, *v.* THE CITY OF NEW YORK, Defendant.

Supreme Court, New York Special Term, February, 1922.

International law — immunity of consul from arrest — one whose exequatur has been revoked not so protected — complaint in action to recover cash bail dismissed.

Under section 256 of the United States Judicial Code a foreign consul whose exequatur has been revoked by the president and declared null and void from the date of its revocation is not a consul, and, therefore, not immune against prosecution for a crime alleged to have been committed by him in this country.

The complaint in an action by one whose exequatur as consul of a foreign state has been duly revoked, to recover from the city of New York the money deposited by him as bail upon being arrested on an indictment thereafter filed against him in the Court of General Sessions of the Peace of the county of New York, will be dismissed on defendant's motion.

MOTION by defendant for judgment dismissing the complaint.

*Don Carlos Buell,* for plaintiff.

*John O'Brien,* corporation counsel (*George H. Cowie,* assistant corporation counsel), for defendant.

DAVIS, J.   On March 30, 1920, the plaintiff became the duly recognized consul-general of the kingdom of Serbs, Croats and Slovenes at New York by reason of the issuance to him by the president of the United States of an exequatur bearing that date. On June 23, 1921, the president revoked the exequatur issued to the plaintiff and declared it absolutely null and void from said date (complaint as amended by stipulation).   On July 26, 1921, the grand jury of the county of New York filed an indictment against the plaintiff in the Court of General Sessions of the Peace. The plaintiff was thereafter arrested on this indictment and held in bail in the sum of $2,500, which he furnished in the form of money, which was thereafter deposited in the city treasury.   This action is brought to compel the return of the money so deposited as bail, with interest thereon from the date of its payment as bail. The plaintiff claims that, notwithstanding the revocation of his exequatur by the president, his appointment by his own government being still in force, he was still a consul-general, and protected against indictment, arrest and holding to bail in the state court, under section 256 of the Judicial Code of the United States. If the plaintiff is right in this contention the money paid by him as bail was illegally required of him in the Court of General Sessions and should be returned.   Consuls are protected against prosecution in the state courts by section 256 of the Judicial Code of the United States, which provides that " the jurisdiction vested in the courts of the United States in the cases and proceedings hereinafter mentioned, shall be exclusive of the courts of the several States * * *.   *Eighth.* Of all suits and proceedings against ambassadors, or other public ministers, or their domestics, or domestic servants, or against consuls or vice-consuls."   The question here to be determined is whether or not on July 26, 1921, the date of the filing of the indictment against the plaintiff, he was a consul within the terms of section 256, *supra.*   We have seen that prior to the filing of the indictment against the plaintiff the president had revoked his exequatur, and thus deprived him of the right to exercise and enjoy the functions, powers and privileges of a

consul-general within the United States (see copy of revocation annexed to complaint). Such action by the president in revoking plaintiff's exequatur is a final and conclusive determination which precludes the courts from adjudicating otherwise. *Russian Socialist Federated Soviet Republic* v. *Cibrario*, 198 App. Div. 869; *Agency of Canadian Car & F. Co.* v. *American Can Co.*, 258 Fed. Rep. 363, 368; *Matter of Baiz*, 135 U. S. 403; *Jones* v. *United States*, 137 id. 202; *United States* v. *Ortega*, 27 Fed. Cas. 359; *United States* v. *Trumbull*, 48 Fed. Rep. 94, 96. The letters patent revoking plaintiff's exequatur are the best evidence of his official standing and of his powers and privileges. They are binding and conclusive on the court as to whether the plaintiff was or was not a consul-general on and after June 23, 1921 (date of indictment), and entitled to immunity against prosecution in the courts of this state under section 256 of the United States Judicial Code. The word "consul" as used in section 256 clearly refers to persons fully endowed with power to act as consul within the jurisdiction to which they are sent by their government. They are not consuls until they have been recognized as such by the president, usually evidenced by an exequatur, and likewise they cease to be consuls when by his letters patent the president revokes the exequatur. Consular status does not exist in the absence of the president's recognition of the person accredited by the foreign state. "A consul being in a foreign country derives his authority, in effect, from both governments. He receives his commission from the country which he represents and obtains his exequatur from the country to which he is sent. It is, in truth, solely by virtue of the authority vested in him by the country to which he is sent that he is able to exercise his official functions within its territorial limits." 9 R. C. L. 156. In my opinion the plaintiff at the time of his indictment by the state court was not a consul. He was, therefore, not immune against prosecution in the Court of General Sessions within the meaning of section 256 of the United States Judicial Code. Furthermore, the complaint fails to show a compliance with section 261 of the Greater New York charter, requiring the presentation of the plaintiff's claim to the comptroller of the city of New York. *Casey* v. *City of New York*, 217 N. Y. 192; *Watts* v. *City of New York*, 133 App. Div. 400. The motion to dismiss the complaint is granted, with ten dollars costs.

Ordered accordingly.