VLADISLAV R. SAVIC, Appellant, *v.* THE CITY OF NEW YORK, Respondent.

First Department, November 3, 1922.

International law — action by former Consul General of foreign power to recover money deposited as bail on arrest made after exequatur revoked — State courts have criminal jurisdiction of Consul General after revocation of exequatur — Judicial Code of United States, § 256, not applicable — nature of immunity granted to foreign consuls.

The State courts have criminal jurisdiction over a Consul General of a foreign country after the exequatur issued to him by the President of the United States has been revoked, and, after said revocation, section 256 of the Judicial Code of the United States conferring jurisdiction on the Federal courts of all suits and proceedings against consuls is not applicable.

Accordingly, the plaintiff, who was arrested after his exequatur was revoked by the President, is not entitled to recover moneys deposited as bail at the time of his arrest on the ground that the State courts did not have jurisdiction of him.

The immunity granted to a consul is not an immunity granted by treaty, but is one granted as a matter of policy by this government, to the end that our foreign relations may not be embarrassed by subjecting recognized consuls to prosecution by State courts.

APPEAL by the plaintiff, Vladislav R. Savic, from an order of the Supreme Court, made at the New York Special Term and entered

in the office of the clerk of the county of New York on the 27th day of February, 1922, granting defendant's motion to dismiss the complaint for insufficiency, and also from the judgment entered in said clerk's office on the 9th day of March, 1922, dismissing the complaint upon the merits pursuant to said order.

*Don Carlos Buell*, for the appellant.

*John P. O'Brien*, Corporation Counsel [*Henry J. Shields* of counsel; *John F. O'Brien* and *George H. Cowie* with him on the brief], for the respondent.

SMITH, J.:

The complaint alleges that the plaintiff was a subject of the King of the Serbs, Croats and Slovenes; that on or about the 1st day of August, 1921, plaintiff, by unrevoked decree of the said King, was designated the Consul General of the Kingdom of the Serbs, Croats and Slovenes at the city of New York in the State of New York, and was thereby directed to act as such Consul General; that on or about the 23d day of June, 1921, and at all times therein mentioned prior to the said twenty-third day of June, an exequatur issued to plaintiff as such Consul General by the President of the United States was in full force and effect; that on or about the said 23d day of June, 1921, the said exequatur was duly revoked; that on or about the 26th day of July, 1921, an indictment against the plaintiff was filed in the Court of General Sessions of the Peace in and for New York county; that on or about the 27th day of July, 1921, defendant, acting under and by virtue of and pursuant to the provisions, requirements and directions of a process commonly known as a commitment of the said Court of General Sessions issued upon the said indictment in due and usual form, arrested, detained and imprisoned plaintiff in the said City Prison, and exacted and received from him as and for the bail mentioned in the said commitment as a condition precedent to releasing him from said arrest, detention and imprisonment, the sum of $2,500 in lawful money of the said United States in the form of certain bills and has kept and now has the said money; that on the 13th day of October, 1921, plaintiff, by his said attorney, made due and written demand upon the comptroller of the said city for the return of the said money upon the ground that the proceedings against plaintiff in the said Court of General Sessions were null and void and in violation of law and that the said commitment was null and void and that the proceedings thereunder were without warrant of law; that more than thirty days have passed since the said demand was made as aforesaid; that at all times herein mentioned section 256 of the Judicial Code of the said United States was in force and effect

and provided: " The jurisdiction vested in the courts of the United States in the cases and proceedings hereinafter mentioned, shall be exclusive of the courts of the several States:    *    *    *    *Eighth.* Of all suits and proceedings against ambassadors, or other public ministers, or their domestics, or domestic servants, or against consuls or vice-consuls." (See 36 U. S. Stat. at Large, 1160, 1161, § 256, subd. 8.)    The plaintiff thereupon demanded the return of the said bills and money, and damages for the detention thereof, and requested a declaratory judgment* as to whether or not a subject of a foreign power under commission, appointment or decree by such power as its consul or vice-consul at any city or place in the State of New York is subject to the jurisdiction of any State court, irrespective of whether or not an exequatur has been issued to him as such consul or vice-consul by the United States, or, if issued, has been revoked, together with the costs and disbursements of the action.

The Special Term held that from the time of the revocation of the exequatur the plaintiff was not immune against prosecution in the Court of General Sessions within the exclusion of section 256 of the United States Judicial Code.    (118 Misc. Rep. 156.)

The question thus presented is whether a consul duly appointed to this country by a foreign country, whose exequatur has been duly revoked, is entitled to the immunity granted against prosecution in the State courts by section 256 of the Judicial Code of the United States.    This question is one partly political and partly judicial.    This is recognized by the appellant here who cites, in addition to certain cases, certain rulings of the State Department in reference to the status of a consul appointed by a foreign power whose exequatur had been revoked.    As far as the question may be a political one, we may consider the opinion of the Secretary of State of the United States as indicating the political status which such a consul may have.    Such an opinion was asked by the clerk of this court and in reply to such a communication the Secretary of State says: " In reply I beg to state that I do not consider that Vladislav R. Savic, whose exequatur as a consular officer was cancelled by the President prior to the date of his indictment, was on that date a consular officer within the meaning of Section 256 of the Federal Judiciary Act of March 3, 1911." †    As far as the question may be deemed a judicial one, we might well rest our decision upon the opinion of Mr. Justice DAVIS at Special Term, who has reached the conclusion which accords with that of the

---

* See Civ. Prac. Act, § 473; Rules of Civil Practice, rules 106, 210 *et seq.*— [REP.
† See U. S. Judicial Code, § 256; 36 U. S. Stat. at Large, 1087, chap. 231, as amd.— [REP.

Secretary of State just cited, that the revocation of the exequatur was a complete cancellation of the consular relations between the plaintiff and our government, and that it was not the intent of our Judicial Code to grant immunity from State prosecution to a consul whose exequatur had thus been revoked. The provisions of our United States Judicial Code were evidently intended to apply to those who, at the time of the suit or prosecution, occupied such existing relations. To extend such immunity to consuls whose exequaturs had been revoked, or at most to consuls who had had a reasonable time to leave the country after their exequaturs had been revoked, might lead to much embarrassment in the prosecution of our criminal law. The immunity granted is not an immunity granted by treaty, but is one granted as a matter of policy by this government, to the end that our foreign relations may not be embarrassed by subjecting recognized consuls to prosecution by State courts. Consuls are accepted and expelled by the Federal government, and not by the State government, and, therefore, while lawfully acting and representing the sovereignty from which they received their appointment, they are very properly made subject to prosecution only in the Federal courts. International law gives to consuls and like diplomats no immunity from civil or criminal process. ( *United States* v. *Ravara*, 2 Dall. [U. S.] 297.)

The judgment and order should, therefore, be affirmed, with costs.

CLARKE, P. J., DOWLING and GREENBAUM, JJ., concur.

Judgment and order affirmed, with costs.