## CARL BYOIR AND ASSOCIATES, Inc., v. TSUNE-CHI YU.

### No. 345.

Circuit Court of Appeals, Second Circuit.

June 10, 1940.

Katz & Sommerich, of New York City (Otto C. Sommerich and Raymond T. Heilpern, both of New York City, of counsel), for appellant.

Harold Riegelman, H. H. Nordlinger, and Leo Goldsmith, Jr., all of New York City, for appellee.

Before L. HAND, CHASE, and PATTERSON, Circuit Judges.

PATTERSON, Circuit Judge.

The complaint charged that the plaintiff, a New York corporation, rendered services to the Chinese Government whereby the Chinese Government became indebted to the plaintiff for a balance of $83,056.49; that the Chinese Government thereafter sent to the defendant, its consul general at New York City, the sum of $22,000 for

the plaintiff's account "and in trust to pay the same over to this plaintiff" on account of the debt, but that the defendant converted and appropriated the money so received. The plaintiff's damages were set at $22,000, and judgment for that sum was demanded. The court below took the view that under the complaint it would be necessary to adjudicate the plaintiff's claim against the Chinese Government and that the action could not be maintained against the defendant alone. So the defendant's motion to dismiss the complaint on its face was granted.

■ It will not do to say that the complaint does not state a cause of action against the defendant. The complaint shows that the defendant received money in trust for the plaintiff and did not live up to the trust. In such a case the aggrieved party may sue either for breach of trust or for money had and received. McKee v. Lamon, 159 U.S. 317, 16 S.Ct. 11, 40 L.Ed. 165; Sayer v. Wynkoop, 248 N.Y. 54, 161 N.E. 417; Scott on Trusts, sections 198.1–198.3. The criticism that the complaint does not sufficiently allege an intent to create a trust or an intent to make the plaintiff the beneficiary of a trust cannot be supported.

■ The notion that the Chinese Government is a necessary party is quite without merit. It is beside the point to say that a friendly foreign government is immune from suit here and that the immunity extends to any property belonging to it. No one is trying to hold the Chinese Government liable for a debt or to seize any of its property. What the plaintiff charges is that the Chinese Government sent funds to the defendant in trust for the plaintiff and that the defendant appropriated the funds. On such a charge the controversy is between the plaintiff and the defendant alone. Lamont v. Travelers Insurance Co., 281 N.Y. 362, 24 N.E.2d 81, is directly in point. Where the suit is by a beneficiary to hold a trustee for breach of trust, the settlor is not a necessary party. The plaintiff's allegation that it was a creditor of the Chinese Government is merely what pleaders at common law used to call inducement, an explanatory introduction to the main allegations of the declaration or complaint. 1 Chitty on Pleading (16th Am.Ed.), page 296. The suit is no more against the Chinese Government than an action by A to recover from B moneys sent by the United States to B in trust for A would be an action against the United States. The defendant himself, though consul of a foreign government, is not immune from suit in the federal courts. Judicial Code, section 256, 28 U.S.C. § 371, 28 U.S.C.A. § 371; United States v. Ravara, 2 Dall. 297, 1 L.Ed. 388; Savic v. City of New York, 203 App.Div. 81, 196 N.Y.S. 442.

■ What we have said has of course nothing to do with the ultimate merits. It may well be that the plaintiff will have trouble in proving that a trust in its favor was created. For present purposes we take the case as the plaintiff states it. The complaint is good on its face and should not have been dismissed.

Reversed.