RUDOLPHE G. MARON, Plaintiff, v. BERNHARD GUSTAV LIPPERT, Defendant.

Supreme Court, Special Term, New York County, September 8, 1941.

*Frances Kneitel*, for the plaintiff.

*Topken & Farley*, for the defendant.

WALTER, J.   This action at law for damages is brought against one who at the times complained of was a vice-consul acting for and on behalf of the German government in the city of New York. A warrant of attachment was issued on July 12, 1941, and levied on July 14, 1941, and the summons and complaint were personally served within the State on July 15, 1941.   This motion is now made to vacate the warrant and the service upon the ground that the court lacks jurisdiction because section 371 of title 28 of the United States Code (Judicial Code, § 256) vests the courts of the United States with exclusive jurisdiction of all suits and proceedings against vice-consuls and other representatives of foreign governments.

That statute has no application to one who has ceased to be a vice-consul (*Savic* v. *City of New York*, 203 App. Div. 81, affg. 118 Misc. 156), and the question here thus is whether or not defendant had ceased to be a vice-consul when this action was commenced.

On June 16, 1941, the Secretary of State, by direction of the President, requested the German government to remove from American territory all German consular officers, agents, clerks and employees thereof of German nationality, and further requested that the consular establishments be promptly closed.   The Secretary of State further stated that it was contemplated that all such

withdrawals and closures be effected before July tenth. It thus will be observed that the warrant herein was not issued nor the summons served until after the date so fixed for closure and withdrawal. It further is shown that the summons was served at the pier of the United States Lines when defendant was preparing to leave on a cutter which was to take him to the ship *West Point,* which already had embarked upon the voyage by which certain foreign consuls were to be returned to their own country.

I regard these facts as establishing such a revocation of defendant's exequatur as terminated his immunity from suit in a State court (*Savic* v. *City of New York, supra*), and, consequently, I think the motion should be denied.

In an affidavit submitted on behalf of defendant an assistant legal adviser of the State Department is represented as having expressed the opinion that this suit would have to be dismissed for lack of jurisdiction because defendant was a consul at the time the action was commenced. What facts were laid before that legal adviser as a basis for his opinion is not disclosed. Inasmuch, however, as the question is partly political, and involves or may involve international relations (*Savic* v. *City of New York, supra,* 83, 84), it is now stated that should the State Department desire to make any representations to the court the question will be reconsidered in the light of such representations; and in order that the State Department may be advised, the clerk is directed to send a copy of this opinion to the Secretary of State.

An additional fact appearing in the case is that after attaching defendant's property plaintiff agreed to release the same from the attachment upon the defendant's depositing $4,000 as security for any judgment or settlement that may be obtained " in this action." The making of such stipulation doubtless cannot be construed as a waiver of defendant's right, if any, to object to the jurisdiction of the court, but it certainly shows the hardship which may be imposed upon plaintiff if he should be forced to begin a new action in a Federal court after defendant has left the United States and taken his property with him.

(Memorandum on reargument, September 30, 1941.)

MOTION for reargument is granted. The Department of State now represents to the court that it recognized defendant as a German vice-consul until he had departed from the United States. If the question were one of personal immunity pertaining to an ambassador it would be easy to see the logic of recognizing the immunity as lasting until he was actually outside the country to which he had been accredited. It is not so easy to see the logic of saying that one is still a consul after he has been deprived of the

right to exercise consular functions. As, however, the State Department takes that view, the motion to vacate the warrant and dismiss the action for want of jurisdiction is granted. The operation of this order will be suspended for fifteen days after entry thereof in order to give plaintiff time to take an appeal and obtain a stay if he be so advised Settle order.