LASZLO TELKES, Plaintiff, *v.* HUNGARIAN NATIONAL MUSEUM, Defendant.

Supreme Court, Special Term, New York County, April 7, 1942.

*Abraham Rotwein,* for the plaintiff.

*Kremer & Leavitt [Samuel Leavitt* of counsel], for the movant.

SHIENTAG, J. This is an action at law based on a breach of contract. Plaintiff instituted its action by procuring a warrant of attachment against the property of the defendant and served it upon the moving party, who has brought on this motion to set aside the service of the warrant of attachment.

The movant, who is not a party to the action, is the Swedish Consul General. The Royal Swedish Legation has assumed, with the consent of the United States Department of State, the protection of Hungarian interests in this country. As part of its duties in watching over Hungarian interests, the Swedish Legation directed its Consul General to close the Hungarian Reference Library, which is operated by the defendant, to discharge the director, and to protect the property found in the library. The discharge of the director of the library gave rise to this action and the former director is now suing for breach of contract and is attempting to attach the defendant's property in the hands of the moving party.

The Swedish Consul General does not seek to have the warrant of attachment vacated on the ground that the property to which it is directed is immune from attachment by virtue of the fact that it belongs to a foreign sovereign power. He is seeking only to set aside the service of the warrant upon him on the ground that he as a consular official is personally immune from service of such process of this court. It must, therefore, be assumed for the purposes of this motion that the warrant of attachment was properly secured, and that the property to which it is directed can be levied upon.

The movant's claim to immunity from service of the warrant is based upon the terms of the treaty between the United States and the Royal Government of Sweden and upon the usages of international law. Article VI of the treaty relied upon declares that consular officials shall not be "required to produce the official archives in court or to testify as to their contents," and that local authorities shall in no case "examine or seize the papers there deposited."

The movant's position in this matter is that of a garnishee. There is no action directed against him or against his personal property or his government's property. He is being asked to reveal what property belonging to the defendant in this action is in his hands, and there is no demand for the production of official archives or

papers of any kind. Moreover, article VI of the same treaty states that " In no case shall those offices be used as places of asylum. When a consular officer is engaged in other business, the papers relating to the consulate shall be kept separate." These provisions plainly apply to the instant case. The movant, in refusing to divulge what property belonging to a third party is in his possession, is using his consulate as a place of asylum just as much as if he were shielding a fugitive from justice.

In the only similar case which has been found ( *Kidderlin* v. *Meyer*, 2 Miles [Pa.], 242), the court ruled that a consul levied upon as a garnishee could not have the service of the State process set aside on the ground that under an act of Congress he could be sued only in the Federal courts. (See Puente, Amenability of Foreign Consuls to Judicial Process in the United States, 77 U. of Pa. L. Rev. 447.)

The courts of this State have pointed out that the policy underlying grants of immunity to consuls is the desire not to embarrass our relations with foreign governments. (*Savic* v. *City of New York*, 203 App. Div. 81; *Girardon* v. *Angelone*, 234 id. 351.) This policy will not be interfered with by requiring consuls to reveal what property belonging to third parties is in their possession.

There is some discussion in the affidavits as to whether the defendant is a private corporation or a functionary of the Hungarian government. For the purposes of this motion this question is not relevant for reasons we have already discussed. If the issue of the attachability of the property of the defendant had been raised by motion it would have required a trial of the issues of fact by a referee. This matter is fully discussed in *Hannes* v. *Kingdom of Roumania Monopolies Institute* (260 App. Div. 189). (See *Lamont* v. *Travelers Ins. Co.*, 281 N. Y. 362.)

Motion to set aside service of the warrant of attachment on the movant, the Swedish Consul General, on the ground that he is immune from service of such process, is denied. Settle order.