UNITED STATES of America,

v.

Juan Carlo ARIZTI, Defendant.

United States District Court
S. D. New York.
May 1, 1964.

54

Robert M. Morgenthau, U. S. Atty., for the Southern District of New York, New York City, for United States of America, William M. Tendy, Asst. U. S. Atty., of counsel.

Ralph Bosch, New York City, for defendant.

WEINFELD, District Judge.

The defendant, Juan Carlo Arizti, indicted with two others on charges of violation of the Federal narcotics laws and conspiracy so to do, moves to dismiss the indictment on the ground that at the time of his arrest he was immune from prosecution in the United States.

His claim of immunity is based upon his status as a career diplomat of the Republic of Uruguay. He was not a duly accredited diplomat to this country, but in the years preceding his arrest had been accredited to various governments in Europe, South America and the Near East.

At the time of his arrest he was the Ambassador Nominee of his country to the USSR, subject to confirmation by the Uruguayan Senate.

A diplomatic visa classification 1–A, 22 C.F.R. Section 41.12 (1964 Supp.), had been issued to him on February 4, 1964 by the American Embassy at Montevideo, Uruguay. Apparently he first proceeded from there to Europe and from Europe to Canada. He then entered the United States from Canada, he claims, enroute to Uruguay, stopping at New York City (where he was arrested), allegedly to deliver to the Uruguayan Consul General located in New York City a sealed envelope entrusted to him by the Ministry of Foreign Relations of his government, and intended for ultimate delivery to the Uruguayan Embassy at Washington, D. C. Accordingly, he asserts he was travelling in the United States and was present here on a diplomatic mission for his government. Three days after his arrest his government suspended him from office as a result of his alleged participation in the offense here charged against him.

The Uruguayan Government, contrary to defendant's allegations, has made representations to our Department of State that he did not enjoy immunity because he was not here in the discharge of diplomatic or official functions, nor was he enroute to the place where he would perform such functions. In addition, the Uruguayan Government notified the State Department that it formally waived all immunity to which Arizti might possibly be entitled.

At the outset, the defendant asserts that his suspension from office, the denial by his government of diplomatic immunity and its waiver, if any existed, are contrary to the laws of Uruguay. Assuming that his suspension was contrary to Uruguayan law, as he contends, this is not a matter into which our courts will inquire. Cf. United States ex rel. Birch v. Fay, 190 F.Supp. 105 (S.D.N.Y. 1961).

■■ Next, the certification by the Uruguayan Government that Arizti was not engaged in any diplomatic function is conclusive. See In re Baiz, 135 U.S. 403, 427, 10 S.Ct. 854, 34 L.Ed. 222 (1890); United States ex rel. Casanova v. Fitzpatrick, 214 F.Supp. 425, 432–433 (S.D.N.Y.1963); United States v. Coplon, 88 F.Supp. 915 (S.D.N.Y.1950). Arizti may no more challenge this certification by his government than he could successfully claim he was its ambassador without its official and appropriate designation. The designation of an ambassador by a foreign government is a political judgment of that government and our courts are concluded thereby and may not intrude into the area. Cf. United States ex rel. Casanova v. Fitzpatrick, 214 F.Supp. 425, 432–33 (S.D.N.Y.1963).

In addition, there has been submitted to the Court a certification by the Deputy Chief of Protocol of the United States Department of State, who is responsible for registering and maintaining the records of the Department of State concerning the status of officers and employees of foreign governments accredited to or accepted by the United States, for the purpose, among others, of recording those who are entitled to diplomatic immunity pursuant to the Law of Nations and the laws of the United States, or any treaty or other international agreement to which the United States is a party.

The Deputy Chief of Protocol certifies, after diligent search of the records, that he has found none indicating that Juan Carlo Arizti has been certified to or accepted by the United States in a diplomatic or any other official capacity to entitle him to diplomatic immunity in the United States during and since the time he has travelled in the United States immediately prior to his arrest by Federal officers on or about February 21, 1964.

■ Finally, even if the defendant could successfully challenge his government's denial that he was engaged in a diplomatic function, the immunity is that of his government and is not personal to him. Börs v. Preston, 111 U.S. 252, 256, 4 S.Ct. 407, 28 L.Ed. 419 (1884). His government's waiver of diplomatic immunity, if any existed, does not require his consent. Davis v. Packard, 32 U.S. (7 Pet.) 276 (1833). See also United States v. Benner, 24 Fed.Cas. 1084 (No. 14,568) (C.C.E.D.Pa. 1830); Maron v. Lippert, 177 Misc. 139, 30 N.Y.S.2d 172 (1941).

The motion by the defendant to dismiss the indictment upon the claim of diplomatic immunity is denied.

In view of the fact that the Uruguayan Government disclaims that the defendant was engaged in any diplomatic or official function, no purpose would be served by issuing the letters rogatory, the thrust of which is to obtain evidence from unofficial sources to contradict the government's disclaimer, and that motion is denied.