FARBER v. FARBER.

1. **Husband and Wife:** ALIMONY WITHOUT DIVORCE: FACTS ENTITLING TO. A wife may maintain an action against her husband for alimony without asking for a divorce. (*Graves v. Graves*, 36 Iowa, 310; *Whitcomb v. Whitcomb*, 46 Id., 437.) Whether it is necessary that grounds for a divorce be shown before such alimony is decreed is not decided; but, upon consideration of the evidence in this case, (see opinion,) *held* that such alimony was properly allowed the plaintiff herein for the support of herself and child.

*Appeal from Lucas District Court.*

THURSDAY, SEPTEMBER 18.

ACTION to recover alimony on the ground that the defendant has failed and refused to provide for the maintenance and support of the plaintiff and her child. The defendant in his answer pleaded that plaintiff, without sufficient cause, had abandoned him and the home provided for her, and refused to live with him, although he had frequently requested and urged her to do so.

The court decreed that the defendant should pay the plaintiff $230 annually, in quarterly payments, for the support of herself and child; and further provided that the decree should at all times be subjected to modification or change by the court on any proper showing or proceeding. The defendant appeals.

*Mitchell & Pennick*, for appellant.

*Stuart Bros.*, for appellee.

SEEVERS, J.—The parties were married in June, 1875, and lived together until April, 1876, when the plaintiff left the defendant's house and home on a farm, and went to Chariton, and resided in said town until April, 1877, when she and the defendant mutually agreed to live together on the defendant's farm, in what is called a "waste house", which, prior to that time had been used for storing agricultural implements, corn, and possibly other produce. They lived together in said house until the latter part of June, 1877, when they separated, and have not lived together since that time. Both of the parties had been previously married, and both had children by a former wife or husband, and during the last time they lived together, as just stated, the defendant's children lived on the farm and in the dwelling house provided by him

for his family.   There was, therefore, during said period, two households maintained by the defendant.   We think the evidence warrants the conclusion that the separation was mutually agreed upon, for the reason, among others, that an agreement in writing was entered into, whereby the defendant gave to the plaintiff certain articles of property to the value of $500, and she agreed to release any further claim on him or his property.   With this exception, the defendant has contributed nothing for the support of the plaintiff, or for the support of his and her child, since that time.   As we understand, in 1879 the defendant commenced an action for a divorce against the plaintiff, which was dismissed, because, as the defendant claims, he was unable to pay the temporary alimony allowed by the court.   In 1880 this action was commenced, and afterwards the defendant, as we infer from the argument of counsel, commenced another action for a divorce, and both causes were submitted together.   The court, as we infer, dismissed the action for a divorce, and granted the plaintiff alimony.

I.   It will be observed that this is an application for alimony, no divorce being asked.   It has been held that such an action can be maintained.   *Graves v. Graves*, 36 Iowa, 310, *Whitcomb v. Whitcomb*, 46 Id., 437.   It is insisted by counsel for the defendant that, before alimony can be decreed, such a cause must exist as will warrant a decree of divorce. Without stopping to enquire whether this proposition is correct or not, it will, for the purposes of this case, be conceded.

But, as has been stated, the plaintiff left her husband in 1876, and, if she was not justified in so doing, this was condoned by the defendant when she returned in 1877, and the parties lived and co-habited together for about three months as husband and wife.   The last separation, in June, 1877, having been mutually agreed upon, the relation of husband and wife still continued, and the obligation of the defendant, arising from such relation, to support the plaintiff and her child still existed, unless he requested or expressed a willingness

that she should return, and she, without sufficient reason, refused to do so.

There is considerable conflict in the evidence as to which party was unwilling and refused to live with the other. We find the fact to be that the defendant refused to permit the plaintiff to live with him, although she was willing and offered to do so. Our reasons for this conclusion will be briefly stated. Both parties have testified to their readiness to live with the other, and to repeated refusals to do so. Both have seemed to think it important that the blame in this respect should be thrown on the other. We do not deem it necessary to set out or otherwise refer to this evidence, because, while the defendant's deposition was being taken, this was said to him by counsel for the plaintiff: "Now, Mr. Farber, your wife is here present, and authorizes me to say to you that she loves and respects you as her husband, and is willing to live with you as a dutiful and loving wife. Will you take her, provide her and her child with a home, live with her and care for her as your wife?" To this proposition the defendant replied: "I will not. I will take the child if she will give it to me." We are not prepared to say that the foregoing proposition was not made in good faith by the plaintiff. And it was unqualifiedly refused and was never retracted, except at the time and in the manner hereafter stated.

This refusal leads us to doubt if the defendant, at any prior time, after the mutual separation above stated, in good faith proposed or expressed a willingness that the plaintiff should return and live with him. Afterward, in open court, the defendant "consented that the said Marinda Farber could return to his home, and share the same home and support he had." For several stated reasons the plaintiff declined to do so. It will be observed that the defendant did not ask or request the plaintiff to return, but simply consented that she might do so. When the foregoing offer was made, the case had been prepared, and was ready to be submitted to the court,

and, in view of the positive refusal of the defendant to receive the plaintiff, made during the taking of the depositions, we think she was warranted in concluding that the defendant's offer was not made in good faith, and, in view of the whole evidence, we are constrained to so believe. We have not deemed it necessary to enquire whether the plaintiff was originally justified in leaving the defendant or not, for the reason that the parties both mutually agreed to separate, and the plaintiff was willing and offered to return, and the defendant refused to receive her as his wife and provide for her as a husband should. Having mutually agreed to separate, neither party was entitled to a divorce on the ground of willful absence; and it may be conceded that, up to the time the offer above stated was made, neither party offered or was willing to live with the other; still, as has been before stated, the obligation of the defendant to support his wife existed. The absence of the plaintiff from the house of the defendant was not willful or without cause.

II. As has been stated, the defendant gave the plaintiff, in 1877, $500 in property, and she agreed to release all claims on the defendant or his property. We do understand that this fact is pleaded in bar of the plaintiff's right to alimony, but it is insisted that, taking into consideration the defendant's circumstances, the amount given is all the plaintiff is entitled to. Six years had elapsed between the giving of said property and the entering of the decree in this case. The amount allowed would therefore be less than $85 a year for the support of the plaintiff and her child. We are of the opinion that the defendant could, without any pecuniary inconvenience, have contributed more than he did during such period. It may, therefore, be properly assumed that at the time the decree was entered the question was, what should the defendant contribute for the maintenance of his wife and child, taking into consideration his pecuniary ability? Without setting out the evidence, we deem it sufficient to say that we

concur in the opinion of the district court, and therefore the judgment is

AFFIRMED.