MARY SHORS v. JOSEPH SHORS, Appellant.

**Husband and wife:** SEPARATE MAINTENANCE. A suit for separate maintenance cannot be sustained except for cause warranting a decree of divorce; and when based upon inhuman treatment the evidence must disclose such treatment as to endanger life, must be corroborated and the treatment unprovoked.

**Inhuman treatment.** There may be inhuman treatment which endangers life although no physical violence is used, such as repeated and unfounded charges of unchastity. Evidence held to show inhuman treatment.

**Condonation:** REVIVAL OF OFFENSE. Condonation is not a defense to an action for separate maintenance on the ground of inhuman treatment consisting of unfounded accusations of unchastity, where the accusations were made up to the time of separation, as a repetition of the charge revives the condoned offense.

**Appeal:** ALLOWANCE OF ADDITIONAL SUIT MONEY AND ALIMONY. Code section 3177, is not broad enough to authorize the district court to order the payment of an additional allowance for suit money to prosecute an appeal and for temporary alimony, after an appeal has been perfected, in an action for separate maintenance; jurisdiction of such proceeding is transferred to the Supreme Court by the appeal.

*Appeal from Palo Alto District Court.*— HON. W. B. QUARTON, Judge.

SATURDAY, DECEMBER 15, 1906.

SUIT for separate maintenance and the custody of minor children. There was a cross-petition asking for a divorce from the plaintiff. Trial and judgment for the plaintiff. The defendant appeals.— *Affirmed* in part and *reversed* in part.

*Lynch & Berry* and *Thos. O'Connor,* for appellant.

*Heald & Ralston* and *Davidson & Burt,* for appellee.

SHERWIN, J.— These parties were married in April, 1899, and lived together until shortly before this suit was brought, in April, 1905. They have two children, a boy now nearly seven years of age, and a girl about four years old. The plaintiff asks separate maintenance on the ground of cruel and inhuman treatment that endangers her life; the inhuman treatment alleged consisting of personal violence, threats, vile and opprobious epithets, and oft-repeated charges of unchastity. The defendant asks an absolute divorce on the grounds of inhuman treatment and adultery.

. It is the rule that a suit for separate maintenance cannot be maintained, except for a cause which would warrant a decree of divorce. *Graves v. Graves,* 36 Iowa, 314. Inhuman treatment which would warrant a divorce must

**1. HUSBAND AND WIFE: separate maintenance.**

be such as to endanger life, and it must be treatment which has not been provoked or caused by the fault of the complaining party. *Aitchison v. Aitchison,* 99 Iowa, 93; *Carlisle v. Carlisle,* 99 Iowa, 247; *May v. May,* 108 Iowa, 1. It is also true that the testimony of the complaining party must be corroborated by other evidence. Code, section 3173.

It is the appellant's contention that the plaintiff's own testimony wholly fails to show a cause for separate maintenance, and that, if such were not the case, there is no evidence corroborating her. We shall not detail the

**2. INHUMAN TREATMENT.**

evidence supporting the allegations of either party. Much of it is of a character unfit for publication, and no benefit can be derived from a recital of it in this opinion. It is sufficient to state our conclusion, based on a careful reading and consideration of the entire record. We doubt whether the plaintiff's case could be sustained on the grounds of personal violence and threats alone, but she testified that the defendant repeatedly charged her with being lewd, unchaste, and guilty of adultery; that he denied that he was the father of her daughter,. and abused the child because thereof. We have no doubt that these ac-

cusations were made by the defendant, and that they were continued until this suit was brought. It is true that he in a way denies making them; but there is testimony corroborating to some extent the plaintiff, and this, with his specific and wholesale charges of adultery in his cross-petition, furnish the full corroboration required by the statute. There is sufficient evidence that this treatment on the part of the defendant did and would endanger the plaintiff's life. There may be inhuman treatment that endangers the life, although no physical injury be inflicted.. Treatment which affects the mind to such a degree as to destroy health and endanger life is a cause for divorce under the statute. *Sackrider v. Sackrider,* 60 Iowa, 397; *Berry v. Berry,* 115 Iowa, 543. Unfounded accusations of unchastity may wound the feelings and destroy the wife's peace of mind to such an extent as to endanger her life as surely and as certainly as extreme physical violence. There is no substantial evidence of unchastity or adultery on the part of the plaintiff. The defendant finally limited the charge to a transaction which is alleged to have occurred at a dance at one Poduska's, but he failed to sustain that, and, if the testimony of the plaintiff, the son, and Nedved be true, she was guilty of no wrong. That Nedved followed her to the room where the boy was is undisputed, but the evidence touching that transaction shows clearly that the plaintiff was guilty of no indiscretion. Furthermore, the defendant's statement of the situation of his wife and Nedved when he looked into the room is wholly inconsistent with his action. Had he made the discovery he testifies to, he would not have left the pair with no other comment or action than a statement to his wife that he was ready to go home and was waiting for her. In our judgment the defendant has utterly failed to substantiate the charges made against the plaintiff in his cross-petition, or to show any justification for the repeated accusations made to her.

It is suggested in argument that there was condonation on the part of plaintiff, but there is nothing in the claim. The

unjust accusations were made up to the very moment of final

separation, and, even if there had been a mu-

**3. CONDONATION:**
**revival or**
**offense.**

tual understanding that previous charges were to be forgiven, it was based on condition of future good conduct, and a repetition of the act revives the condoned offense. *Craig v. Craig* (two cases), 129 Iowa, 192; *Ellithorpe v. Ellithorpe* (Iowa), 100 N. W. 328. Both Iowa cases.

The trial court adjudged the plaintiff to be entitled to separate maintenance, and ordered that the amount awarded be paid quarterly. An attorney's fee of $250 was also al-

**4. APPEAL:**
**allowance of**
**additional suit**
**money and**
**alimony.**

lowed. The judgment was appealed from, and after the appeal had been perfected the plaintiff made application to the district court for an additional allowance for suit money and for the payment of temporary alimony pending the appeal, which allowances were made, and the defendant appeals from the order. His contention is that the district court was without jurisdiction to make the order after an appeal to this court had been perfected and a supersedeas bond filed. It is the general rule in this State that, when an appeal in equity is taken, all power of the court below over the parties and the subject-matter of the controversy is lost until the case, or some part thereof is remanded back for its further action. *Levi v. Karrick,* 15 Iowa, 444; *Stillman v. Rosenberg,* 111 Iowa, 369; *Dunton v. McCook,* 120 Iowa, 444. And the rule should obtain in this case unless an exception be made because of section 3177 of the Code, which is as follows: " The court may order either party to pay the clerk a sum of money for the separate support and maintenance of the adverse party and the children, and to enable such party to prosecute or defend the action."

The question thus presented has not heretofore been determined by this court so far as we are advised, but it has undoubtedly been the general practice to treat the case after an appeal and pending such appeal as solely within the juris-

diction of this court. It is manifest that, as to all questions which were in fact determined by the trial court, an appeal deprives it of further jurisdiction until there has been a remand of the case by this court, except in cases where the statute otherwise provides. Section 3177 providing for an allowance for support during litigation and to enable the party to prosecute or defend the action, the appellee contends that it gives the trial court power to order the payment of suit money for prosecuting or defending in this court at any time while the appeal is pending. The section under consideration, read in connection with the rest of the chapter, clearly refers to the powers of the trial court, and nothing else; and it is a fair presumption that the Legislature intended only to give the trial court control over the matter while the litigation was pending before it. There can be no serious question, we think, as to the right of this court to protect its jurisdiction on appeal by ordering the payment of suit money for prosecuting or defending on appeal. Constitution, article 5, section 4. It is the established practice to do so, and, indeed, such power was invoked by the appellant and exercised by the court in this case. The right to suit money for prosecuting or defending here can be heard and determined with practically the same facility and promptness that obtains in the district court, and no reason appears for the existence of jurisdiction in both courts after appeal. In fact, it is quite manifest that there will be less annoyance and delay if the jurisdiction is lodged in one court only. The adjudications in other jurisdictions are in conflict on the question, and the cases rest on the provisions of statutes as a general thing. The Code of Civil Procedure of New York provides that a temporary allowance may be made " from time to time during the pendency of the action," and under that statute the Court of Appeals of that State held that the trial court retained jurisdiction to make an order for alimony pending an appeal. *McBride v. McBride*, 119 N. Y., 519 (23 N. E. 1065). Idaho has a similar statute, and it

was given the same construction there. *Roby v. Roby,* 9 Idaho, 371 (74 Pac. 957). The following cases also support the appellee's contention: *Rohrback v. Rohrback,* 75 Md. 317 (23 Atl. 610); *Reilly v. Reilly,* 60 Cal. 624; *Hunter v. Hunter,* 100 Ill. 477.

It will be observed that both the New York and Idaho statutes are broader than our own, in that they expressly authorize the trial court to make an order " during the pendency of the action," without any limitation as to the court where the case may then be pending, while section 3177 contains no such express authority. Under the California statute it is held that the trial court alone has jurisdiction to make the order. It is generally conceded that, if the trial court retains jurisdiction pending an appeal, it must be because of a statute giving to it such power, and this for the reason that the power of the trial court has been suspended by the supersedeas until the appellate court shall pass on the question; and the proceeding for alimony is not distinct from, or independent of, the original action. 2 Bish. Mar. & Div. section 423; *Krause v. Krause,* 23 Wis. 354; *State v. Phillips,* 32 Fla. 403 (13 South. 920). As we have said, the decisions are not uniform on the question under consideration. In the following cases it is held that the trial court has no jurisdiction to order suit money after an appeal has been perfected: State v. Phillips, *supra; Cralle v. Cralle,* 81 Va. 773; *Lewis v. Lewis,* 20 Mo. App. 546; *Lake v. Lake,* 16 Nev. 363; *Id.,* 17 Nev. 239 ·(30 Pac. 878).

The appellee urges that *Mitchell v. Roland,* 95 Iowa, 314, supports her contention. In that case the plaintiff filed his petition for the appointment of a receiver to manage and control real property pending litigation involving the title hereto. A hearing was had and a receiver was appointed after an appeal in the original suit was perfected and a bond given, and the only question presented for determination was whether the trial court had jurisdiction to appoint a receiver pending the appeal in the main case. We held in the affirma-

tive, basing the decision on a statute providing for the appointment of a receiver to care for property "during the pendency of the action," and saying: "The statute does not provide when application for a receiver may be made, and the appointment authorizes the receiver to control the property during the pendency of the action. This would include the pendency of an appeal in this court." The statute under which the holding was made is practically the same as the New York and Idaho statutes, and is, as we have said, much broader than section 3177, and is distinguishable therefrom because of such difference. We believe that the due and orderly administration of the law will be best subserved by the rule which we here adopt, and that the order appealed from should be reversed.

The appellee filed in this court a motion for additional suit money which was submitted with the case. We think it should be denied. We have already allowed her the sum of $150 for defending her judgment here, and as she will recover her costs of printing, with other costs, we think the allowance sufficient.

The judgment granting the plaintiff separate maintenance and alimony with the custody of the children is affirmed; and the order for suit money and alimony made after appeal is reversed.— *Affirmed* in part and *reversed* in part.