SARAH RUSSELL, Appellee, v. WILLIAM C. RUSSELL, Appellant.

**Husband and wife:** SEPARATE MAINTENANCE: EVIDENCE. While as a
1 general rule separate maintenance will not be granted a wife unless the husband's conduct has been such as to justify divorce; still where the husband has deserted or abandoned his wife without just cause he may be compelled to support her, although the period of time necessary to secure a divorce has not elapsed.
The evidence in this case is held to sustain a decree for separate maintenance.

**Same:** DESERTION: JUSTIFICATION. The cause which will justify a
2 husband in deserting his wife must be such as would *prima facie* entitle him to a divorce

*Appeal from Woodbury District Court.*—HON. FRANK R. GAYNOR, Judge.

TUESDAY, FEBRUARY 7, 1911.

ACTION for separate maintenance. Decree for plaintiff, and defendant appeals.—*Affirmed.*

*Henderson & Fribourg,* for appellant.

*A. & J. Van Wagenen,* for appellee.

DEEMER, J.—This is an unfortunate controversy between husband and wife, which began many years ago, and, as usual, has increased with time until the defendant husband left his home and now is living apart from his wife. Three children were a result of the union. Two are boys, one thirteen and another ten years of age, and the third is a girl seven years old. The marriage was consummated in the year 1888, and defendant was then and is now a telegraph operator—of late years being a train dispatcher. They have not resided long at any one place. When first married they lived a few years at Burlington, this state. From there they moved to near Duluth, Minn., thence to Missoula, Mont., thence to Breckenridge, Minn., and finally to Sioux City, Iowa. During all of this time defendant received a fairly good salary, and at the time of trial he was getting $140 per month. Whilst they had known each other for several years before their marriage, they were, as is too often the case, unacquainted, and as usual in such cases, finding themselves incompatible, their troubles soon began. They quarreled about money matters, over their respective family relations, differed in religious views, had trouble about the manner in which the children should be trained, and had many wordy conflicts which finally culminated in defendant's assaulting and choking the plaintiff, followed by an action for divorce against the wife. This latter action was dismissed after plaintiff herein had filed an application for temporary alimony. In an affidavit

filed in support of that application, plaintiff in this case stated that she was not faultless, as well she might, and it is evident that in this she sought a reconciliation. The divorce suit was commenced while plaintiff was at her father's home in Burlington, whither she had gone because of the father's severe illness, which finally terminated in his death. The attempt at reconciliation was a failure, and plaintiff, some time after the dismissal of the divorce proceeding, commenced this suit for separate maintenance based upon cruel and inhuman treatment and abandonment. She does not ask for a divorce and is content with a decree as prayed, because, as she says, she does not believe in divorces. Defendant sent the two boys to his mother's home in Burlington during plaintiff's absence from home, and they are now being cared for by his mother, and plaintiff still has the custody of the little girl. Plaintiff, while in Burlington, was denied the privilege of seeing her children by defendant's mother, and, although she requested the defendant to send her money that she might return to Sioux City, this was denied, and she had to borrow the money in order to enable her to return to resist the application for divorce.

At the outset we may say that, if this proceeding were bottomed solely upon cruel and inhuman treatment, we should be inclined to deny the prayer, for the reason that

1. HUSBAND AND WIFE: separate maintenance: evidence.

defendant's conduct, while at times aggravating, was generally the result of a quarrel, neither party being entirely blameless, and was not such as to endanger plaintiff's health or life. But it appears that defendant abandoned his wife and has since secured a room and board away from the family residence and refuses to return or to adequately support the plaintiff and the minor child. It is true that defendant arranged to pay plaintiff $35 per month when he left home; but the rent for the property which he left her was $18 per month, and the remaining $17 is manifestly insufficient to

support the plaintiff and her minor child, who is still with her, to say nothing of the two children who are now in Burlington. Defendant left his wife August 31, 1909, and every attempt at reconciliation has been unavailing. He refuses now to live with plaintiff and is in the attitude of resisting her application for support and maintenance. Plaintiff is not, as we have already said, entirely blameless, and it may be that plaintiff's conduct drove defendant from her; but defendant is largely responsible for existing conditions. He seems to have lost all affection for his wife, and, instead of overlooking the faults and foibles of a nervous woman, he has aggravated them to such an extent that reconciliation is now impossible. Defendant has abandoned his wife without such cause as the law deems sufficient, and he should be compelled to support her, although he feels that he can not longer live with her. This is one of the many cases where the husband and wife have drifted apart because neither has been able to exercise that spirit of toleration and forgiveness which is necessary to safeguard and support the marriage relation. While, as a general rule, a decree for separate maintenance will not be granted to a wife unless the husband's conduct has been such as to justify a divorce, yet it is also true that, when a husband deserts or abandons his wife without just cause, he may be compelled to support her, although the full period of two years necessary to secure a divorce has not elapsed. *McMullan v. McMullan,* 10 Iowa, 412; *Graves v. Graves,* 36 Iowa, 314; *Harlow v. Harlow,* 150 Iowa, 173.

The cause which will justify a husband in deserting his wife must be such as would *prima facie* entitle the party so deserting to a divorce. *Pierce v. Pierce,* 33 Iowa, 238. No such cause is here shown, and, 2. SAME: desertion: justification. defendant's abandonment of his wife being without reasonable cause, he should be compelled to maintain and support her and her minor children.

The reason that it is not necessary for the full two years to .elapse is that otherwise the wife might be without support for that entire period,. although the husband is in the wrong in leaving her.  See *Kimble v. Kimble,* 17 Wash. 75 (49 Pac. 216).

The allowance made to plaintiff in this case is not, as we view it, excessive, and no reason appears for disturbing the decree.  It is therefore *affirmed.*