## POPOVICI v. POPOVICI.

District Court, N. D. Ohio.   July 15, 1927.

No. 2352.

Harry Nusbaum, of Canton, Ohio, for plaintiff.

M. Y. Yost, of Cleveland, Ohio, for defendant.

JONES, District Judge.   The plaintiff, alleging herself to be a bona fide resident of the city of Canton and the county of Stark for more than 30 days, and a bona fide resident of the state of Ohio for more than one year last past, filed a petition for divorce and alimony against John C. Popovici, alleging him to be a subject of the King of Roumania and a Roumanian consul stationed at Cleveland, Ohio, averring that they were married in the city of Canton on or about June 2, 1918, and that one child, Elizabeth Popovici, age eight years, is the only issue of said marriage. Motion for temporary alimony and expenses was also filed by the plaintiff.

Due service was had upon the defendant, who now files a motion to dismiss the petition for divorce on the ground that the court has no jurisdiction over the subject-matter of the action, and because there is an insufficiency of fact to constitute a valid cause of action in equity against this defendant. Whether the case is one in law or in equity is not raised by the motion.

Plaintiff claims the right to maintain her suit in this court under favor of article 3, § 2, of the Constitution of the United States and of Judicial Code, §§ 24 and 256 (28 USCA §§ 41, 371). It is provided by article 3, § 2, of the Constitution, that the judicial power shall extend to all cases in law and equity affecting ambassadors, other public ministers and consuls, and in all cases affecting ambassadors, other public ministers and consuls, and those in which a State shall be a party, the Supreme Court shall have original jurisdiction.

In all the other cases before mentioned, the Supreme Court shall have appellate jurisdiction, both as to law and fact, with such exceptions and under such regulations as the Congress shall make.

Section 24 of the Judicial Code gives the District Courts original jurisdiction (Eighteenth) of all suits against consuls and vice consuls.   Section 256 of the Judicial Code provides:   "The jurisdiction vested in the courts of the United States in the cases and proceedings hereinafter mentioned, shall be exclusive of the courts of the several States: * * * Eighth.   Of all suits and proceedings against ambassadors, or other public ministers, or their domestics, or domestic servants, or against consuls or vice consuls."

If the court has jurisdiction of this case, it must be under the foregoing provisions. The state of Ohio has provided by law, General Code, § 11979, for what cause divorce may be granted, and has given the power to grant divorces to the courts of common pleas.

Notwithstanding the provisions of the Constitution and the laws of the United States heretofore adverted to, the Supreme Court of the United States, in Barber v. Barber, 62 U. S. (21 How.) 582, 16 L. Ed. 226, speaking through Mr. Justice Wayne, has said:   "We disclaim altogether any jurisdiction in the courts of the United States upon the subject of divorce, or for the allowance of alimony, either as an original proceeding in chancery or as an incident to divorce a vinculo, or to one from bed and board."

And the Supreme Court has in subsequent cases substantially announced the same position on the subject.

In the case of In re Burrus, 136 U. S. 586, 10 S. Ct. 850, 34 L. Ed. 1500, the court announced, through Mr. Justice Miller, that: "The whole subject of the domestic relations of husband and wife, parent and child, belongs to the laws of the States and not to the laws of the United States." To the same effect is Simms v. Simms, 175 U. S. 162, at page 167, 20 S. Ct. 58, 60 (44 L. Ed. 115), and De La Rama v. De La Rama, 201 U. S. 303, 307, 26 S. Ct. 485 (50 L. Ed. 765).

True it is that none of these cases in-

volve a consideration of the case where the divorce action is against the consul of a foreign country, nevertheless it cannot be said that this positive language announced in successive cases by the Supreme Court is only to be decisive of the particular case under consideration.

It seems to me that these positive statements definitely establish that the courts of the United States will under no circumstances take jurisdiction of a suit for divorce or for alimony as an incident to a divorce proceeding. Rose, Federal Jurisdiction and Procedure (2d Ed.) § 166.

The only case which has been called to my attention, and which would seem to take an opposite view, where the party to the divorce action is a consul of a foreign country, is Higginson v. Higginson, 96 Misc. Rep. 457, 158 N. Y. S. 92. In that case the court refers to the provisions of the Constitution and history of the laws of the United States, as have been hereinabove recited, and finds no reason why jurisdiction of the United States court does not attach to divorce actions against the consul of a foreign county. The court cites as a precedent in New York an earlier case in the highest court of that state where the same question was considered and determined. Valarino v. Thompson, 7 N. Y. 576.

The reason for exclusive jurisdiction of United States courts being in part stated by the court as follows: "It does not exempt him from liability to respond to his creditors, or to answer for his misconduct. Nobody denies the liability of a consul to be sued in a civil action. The act of Congress, concedes it, and provides for it. It prescribes the tribunal in which a consul in this country is to be called on to answer, and excludes the State courts from jurisdiction. The object of this exclusion was to keep within the control of the Federal Government, and subject to the authority of its courts, all cases and controversies which might in any degree affect our foreign relations. The United States Government has an interest in maintaining this exclusive jurisdiction for the purpose of preventing it from being involved in controversies with foreign powers without its consent, and for acts not its own."

If the question were presented in the absence of such positive declarations by the Supreme Court of the United States, and were one of first impression, I would be inclined to the view that the case comes within the original jurisdiction of this court; but it would be presumptuous for an inferior court to announce a conclusion adverse to that clearly stated by the Supreme Court on several occasions, on the ground that the high court opinion was dicta because not necessary to a decision of the question before it, or that it was not supported by adequate legal reasons.

These declarations are in unequivocal language and make no exception. It will be presumed that the Supreme Court had in mind and appreciated the full extent of its constitutional and statutory jurisdiction.

The motion to dismiss the petition for divorce and alimony will therefore be sustained.