MELVIN (or Melville) B. DAVIS, Appellee, v. RUBY DAVIS, Appellant.

No. 40203.

MARCH 18, 1930.

*George M. Faul,* for appellant.

*Hall, Hanger & Mitchell,* for appellee.

WAGNER, J.—This case presents a novel situation: that of the court's having granted an absolute divorce to the defendant, contrary to her desire, when she specifically prayed only for separate maintenance.

The plaintiff husband brought an action against his wife for a divorce. The ground upon which he asked relief was cruel and inhuman treatment. The defendant, in her answer, resisted the granting of a divorce to her husband, and filed a cross-peti-

tion, alleging that her husband has been guilty of such cruel and inhuman treatment as to imperil her health and endanger her life, and that such conduct has rendered it impossible for her to continue cohabitation with the plaintiff. She prays:

"That the court enter a decree herein granting unto her separate maintenance, with the right to live apart from the plaintiff; * * * that she be awarded such sum as the court may think right for the support of herself and the said minor child [son of the parties, alleged in the body of her cross-petition to be nine years old]; * * * that she be granted such further and other relief as to the court may appear equitable in the premises."

The plaintiff filed no answer to the cross-petition. Upon trial, the court dismissed plaintiff's petition, and, contrary to the specific prayer for separate maintenance, and against the will of the defendant, as shown by her testimony, divorced the parties, on the defendant's cross-petition. The defendant appeals only from that portion of the decree denying separate maintenance and granting a decree of divorce.

The appellee has filed no brief or argument. The appellant testified specifically that she did not want a divorce from the plaintiff, but desired only a decree granting separate maintenance. The trial court so certified, and therefore it cannot be asserted that he did not know what it was that the appellant was asking, or what question was presented for determination by her cross-petition and evidence. It is apparent from the record that, regardless of appellant's specific prayer for separate maintenance and her asserted right to separate maintenance, as shown thereby and by her testimony, the trial court was determined to divorce the parties, against the will of the appellant. The appellant excepted to the decree.

In this state, the action for separate maintenance is not statutory; but it is determined by our decisions that, upon well settled equity principles, as well as upon considerations of public policy, the wife may maintain an action for separate maintenance and support, independently of, and without asking for, a divorce. See *Graves v. Graves,* 36 Iowa 310; *Shors v. Shors,* 133 Iowa 22; *Shipley v. Shipley,* 187 Iowa 1295; *Krotz v. Krotz,* 209 Iowa 433. In *Krotz v. Krotz,* supra, we said:

"While separate maintenance may be granted for desertion although the statutory period of two years has not expired (*Harlow v. Harlow*, 150 Iowa 173; *Russell v. Russell*, 150 Iowa 137), yet it is true that, when separate maintenance is asked because of cruel and inhuman treatment by the offending spouse, the standard and degree of proof required are the same as if a divorce were asked upon said ground. *Shors v. Shors*, 133 Iowa 22. In other words, a wife is not entitled to separate maintenance because of cruel and inhuman treatment by her husband unless she would be entitled to a divorce on the same ground, should she ask it."

It is thus apparent that, in order for the appellant to be entitled to separate maintenance, it was incumbent upon her to allege and prove sufficient facts showing that her husband was guilty of such cruel and inhuman treatment as to endanger her life. The court found both the allegations of her cross-petition and the evidence sufficient, and then by the decree, in substance, said: "Take a divorce, although you do not ask it, and in your testimony say that you do not want it." This action of the trial court's cannot be upheld. It is true that, in her cross-petition, she prays for general equitable relief, but she also specifically prays for separate maintenance. Under Section 11111 of the Code, 1927, it was incumbent upon her to state in her cross-petition a demand of the relief to which she considered herself entitled. This she did when she specifically asked for separate maintenance. The appellee having filed no answer to her cross-petition, the relief granted to the appellant could not properly exceed that which she demanded in her petition. See Section 11573 of the Code. Nor could the court, in any event, grant relief not consistent with the case made by the cross-petition and embraced within the issues. See same section of the Code. In 21 Ruling Case Law 489 it is aptly stated:

"While the prayer cannot aid in making out a case otherwise defectively stated in the complaint, it may serve to show what kind of case the plaintiff supposes he has made, and the kind of relief to which he conceives himself to be entitled, *and indicate the object which he seeks to accomplish.*" (The italics are ours.)

The pertinent question is, How else could the appellant have stated a cause of action for separate maintenance? It was necessary for her to allege grounds which would be sufficient for a divorce, should she ask it. She did allege a sufficient ground, did not ask for a divorce, but specifically asked for separate maintenance. It is quite clear that the ultimate question for determination by the court, on her cross-petition and the evidence in support thereof, was as to whether or not she was entitled to separate maintenance. While, under our law, except for desertion, she must have grounds for divorce, in order to be entitled to separate maintenance, yet, when she, by the case presented, by her pleadings and her evidence asks only for separate maintenance, the court cannot force upon her a divorce against her will. Such action by the court is contrary to public policy. We need not inquire, nor does the record disclose, what are her motives in not asking for a divorce. Although she would be entitled to a divorce, should she ask it, she has the legal right to maintain the marriage status until she asks its dissolution. The prayer for general equitable relief, in the light of her testimony and her specific prayer for separate maintenance, cannot be construed into a request for a divorce. It is apparent that by such prayer she did not contemplate asking for a divorce. Relief should not be granted by a decree which is not specifically prayed for, or within the contemplation of a general prayer for relief. See *Johnson v. Mantz*, 69 Iowa 710; *Walker v. Walker*, 93 Iowa 643; *Richardson v. Short*, 201 Iowa 561; *Bottorff v. Lewis*, 121 Iowa 27.

No appeal is taken by either party from other portions of the decree. It was decreed by the court that the appellee pay the sum of $75 each month for the support and maintenance of the appellant and her minor child, which is equitable. The appellee owes this duty, whether divorced or not.

The decree of the trial court is in all respects affirmed, except that portion granting the appellant a divorce, which portion is hereby reversed, and the appellant granted a decree of separate maintenance, in lieu thereof. The cause is remanded to the trial court, with directions to enter a decree consistent here-

1190

with.—*Affirmed in part, reversed in part, and remanded, with directions.*

MORLING, C. J., and STEVENS, DE GRAFF, and ALBERT, JJ., concur.