DONALD L. BROWN, Appellant, v. MARIAN BROWN, Appellee.

No. 46233.

MARCH 9, 1943.

Ingalls Swisher, of Iowa City, and Lundy, Butler & Lundy, of Eldora, for appellant.

Dutcher, Ries & Dutcher, of Iowa City, for appellee.

WENNERSTRUM, J.— The defendant filed a cross-petition in a divorce action brought by the plaintiff husband, wherein the defendant sought separate maintenance on the grounds of the husband's desertion, failure to support, and cruel and inhuman treatment. The husband's action for a divorce was dismissed by him prior to the trial on the defendant's cross-petition. Upon submission of this cause the trial court entered a decree of separate maintenance in favor of the defendant and from this decree the plaintiff has appealed.

The trial court held that the allegations of the defendant's cross-petition were true; that the husband had been guilty of such cruel and inhuman treatment as to endanger the life of the defendant; and awarded her separate maintenance, an allowance for doctor's services and hospitalization in the anticipation of the birth of a child, and a further sum for attorney's fees.

It is the contention of the plaintiff that the trial court was in error in granting the decree of separate maintenance for the following reasons: (1) That there was no evidence tending to show that the plaintiff left the defendant with an intent to desert and abandon her; (2) that desertion is not sufficient, even if pleaded and proven, along with nonsupport, to constitute such cruel and inhuman treatment as to sustain an award of separate maintenance; (3) that by reason of his inability and lack of means the husband should not be subjected to a decree of separate maintenance.

A brief summary of the facts will be an aid to us in passing upon the issues here involved. The plaintiff husband was 19 years of age and the defendant wife was 21 years of age at the time of their marriage. They were then residents of Iowa City, Iowa, but were married in Missouri. The evidence disclosed that the defendant had advised the plaintiff prior to their marriage that she was then pregnant. It later developed that this was not true. They were married on August 15, 1941, which fact was kept secret for approximately a month, but after this

period of time had elapsed the parties began housekeeping in a furnished apartment. The husband, prior to the time of the marriage and for the short period of time that they lived together, was employed as a floor manager in a laundry in Iowa City at a salary of $20 per week. On October 17, 1941, the plaintiff left for Pittsburgh, Pennsylvania, with his mother, a resident of that city, to obtain more remunerative employment. The morning of that day the husband left the family apartment, told his wife he was leaving for the laundry, but thereafter left for the east with his mother without informing his wife of his contemplated action. The evidence further shows that approximately one week after the husband's departure the wife was served with a notice that a petition for divorce had been filed in an action brought by the plaintiff against the defendant.

In November 1941, the defendant wife had her husband indicted for wife desertion and he was brought back to Iowa City. She then informed him that she was pregnant and had been at the time that he left. The husband is quoted as having stated to his wife, "What the hell do I care"? As a result of the indictment for wife desertion, arrangements were made whereby the husband was to pay $5 per week for the support of his wife, which payments apparently were made and continued up to the time of the trial in the separate-maintenance action.

With the exception of the statement heretofore referred to there is no evidence of any abusive language spoken to the wife by the husband. We find no evidence in the record that he ever struck her. However, it is the contention of the defendant wife that the plaintiff's abandonment of her· under the circumstances amounted to such cruelty as would support a decree of separate maintenance. We have not set out all the testimony but have set forth the material evidence as presented. The plaintiff was represented by counsel at the trial of the defendant's cross-petition, who cross-examined defendant and her witnesses. The plaintiff did not present any testimony whatsoever. The record does not disclose whether or not he was present at the trial.

An action for separate maintenance, as a general rule, may not be maintained except for such cause as would warrant a decree of divorce. Shors v. Shors, 133 Iowa 22, 110 N. W. 16;

Shipley v. Shipley, 187 Iowa 1295, 1306, 175 N. W. 51. Without deciding whether the facts in this case would justify a decree of divorce because of cruel and inhuman treatment, we believe they justify a holding that there had been a desertion of the defendant by the plaintiff. At the time he left he made no provision for her support or the maintenance of the family apartment. The evidence shows that on the day he left he had sworn to a petition for divorce. This fact indicates that he was leaving defendant and that he did not intend to provide for her.

The two-year statutory period for desertion is not necessary in an action for separate maintenance. We said in Russell v. Russell, 150 Iowa 137, 140, 129 N. W. 835, 836:

"While, as a general rule, a decree for separate maintenance will not be granted to a wife unless the husband's conduct has been such as to justify a divorce, yet it is also true that, when a husband deserts or abandons his wife without just cause, he may be compelled to support her, although the full period of two years necessary to secure a divorce has not elapsed." (Citing cases.)

See, also, Tallmon v. Tallmon, 166 Iowa 370, 377, 147 N. W. 746; Shipley v. Shipley, 187 Iowa 1295, 1306, 175 N. W. 51; Krotz v. Krotz, 209 Iowa 433, 434, 288 N. W. 30. It is our conclusion and holding, under the facts in this case, that there was such desertion of the defendant as to warrant a decree of separate maintenance.

This is an equity action which is triable de novo in this court. Pierce v. Wilson, 2 (Clarke) Iowa 20, 26. As further bearing on our conclusion, we quote from Northwestern Mut. L. Ins. Co. v. Blohm, 212 Iowa 89, 96, 234 N. W. 268, 271:

"All equity cases are triable de novo in this court. An appeal, therefore, brings up the entire record as duly contained in the abstract, or otherwise properly certified, and the case is here tried anew. If the judgment of the district court can be sustained upon any theory, the same may be done regardless of that court's findings. Clearly the party not appealing can obtain no advantage in this court which he failed to receive in the district court, yet this does not mean that we, upon appeal, must

affirm the district court only on the theory adopted by it. This court may sustain the district court regardless of its findings and theories.''

See, also, In re Estate of Hale, 231 Iowa 1018, 2 N. W. 2d 775, 779, and cases cited.

We therefore affirm the trial court and approve the entering of the decree of separate maintenance.—Affirmed.

All JUSTICES concur.