MARGARET AVERY, Appellee, v. MERRILL K. AVERY, Appellant.

No. 46661.

March 6, 1945.

Boomhower & Boomhower, of Mason City, for appellant.

Breese & Cornwell and John A. Senneff, both of Mason City, for appellee.

MULRONEY, J.—Plaintiff and defendant were married April 19, 1941. They had both been married before and had obtained divorces from their respective spouses. The plaintiff was about forty-five years of age at the time of her marriage to defendant and the latter was two or three years younger. They separated in March of 1944 and plaintiff brought this action for separate maintenance. We need not recount the evidence upon which the trial court granted the decree of separate maintenance for defendant makes no complaint as to that part of the decree. We have read the record and the evidence fully justified the decree of separation.

The decree also awarded plaintiff $2,000, and $25 every month beginning August 1, 1944, and awarded plaintiff's attorneys $1,000 as attorneys' fees. Defendant asserts error in the award to plaintiff and her attorneys, claiming the award to her is not justified or sustained by the record and the award to her attorneys is unreasonable.

I. A suit for separate maintenance in this state does not rest on the divorce statutes but is maintainable under the general powers of a court of equity to prevent a multiplicity of suits and to uphold a public policy. The basis of the equity jurisdiction was first announced by this court in Graves v. Graves, 36 Iowa 310, 312, 14 Am. Rep. 525, as follows:

"That a husband is bound, both in law and in equity, for the support and maintenance of his wife is a proposition hitherto and now undisputed. If by his conduct he makes it unsafe, or by entertaining others there he makes it immoral for her to remain at his home, she may leave it and him and carry with her his credit for her maintenance elsewhere. So that, in such case, a victualler, a merchant, a dressmaker, a milliner, a shoemaker, a laundress, a physician, a lawyer, or any dealer in the necessaries of life may severally supply the wife with the articles needful and proper in her situation, and may respectively maintain their actions against the husband for their value. This remedy the law affords. But this involves multiplicity of suits; and besides the remedy is by no means adequate. The wife may find it difficult, if not impossible, to obtain a continuous support in this way, since such dealers and professional men would be unwilling to supply their articles or services if thus compelled to resort to litigation in order to secure their pay. Here then is a plain legal duty of the husband for the violation of which no adequate remedy, even with a multiplicity of suits, can be had, except in a court of equity. Upon the ground of avoiding a multiplicity of suits, or on the ground that no adequate remedy can be had at law, a court of equity may properly base its jurisdiction in such cases."

In nearly every case involving separate maintenance decided by this court since the Graves case the opinion has referred to the Graves case, and many of them have quoted all or part of the foregoing quotation. See Farber v. Farber, 64 Iowa 362, 20 N. W. 472; Platner v. Platner, 66 Iowa 378, 23 N. W. 764; Shipley v. Shipley, 187 Iowa 1295, 175 N. W. 51; Davis v. Davis, 209 Iowa 1186, 229 N. W. 855; Bartlett v. Bartlett, 214 Iowa 616, 243 N. W. 588; Olds v. Olds, 219 Iowa 1395, 260 N. W. 1, 261 N. W. 488.

While the suit for separate maintenance resembles a suit for divorce, there are some important differences. We have said that the separate-maintenance action cannot be maintained except for a cause which would warrant a decree of divorce. Shors v. Shors, 133 Iowa 22, 110 N. W. 16; Bartlett v. Bartlett, supra, 214 Iowa 616, 243 N. W. 588; Krotz v. Krotz, 209 Iowa

433, 228 N. W. 30. Though it may be granted for desertion although the statutory period for desertion for divorce has not expired. Harlow .v. Harlow, 150 Iowa 173, 129 N. W. 833; Russell v. Russell, 150 Iowa 137, 129 N. W. 835.

The difference between a divorce action and a separate-maintenance action lies primarily in the type of relief sought and granted. The suit for divorce seeks an end of the marriage contract and consequently there is involved an adjudication of property rights of the parties to the contract. The suit for separate maintenance is in the nature of a suit for specific performance of the marriage contract. The purpose of such a suit is thus stated in 42 C. J. S. 213, section 614:

"The purpose of a suit for separate maintenance is to enforce specifically the general duty of the husband to support the wife by obtaining an order or decree directing certain definite payments to be made at regular intervals for this purpose while the parties are separated."

When the wife's right to be maintained outside of the husband's home has been established, then the award for her maintenance should, if possible under all the circumstances, be a sum, payable at regular intervals, sufficient to maintain and support her in the same manner which she enjoyed while living with her husband. Circumstances which should be taken into consideration in determining the amount of the allowance include the property, income, and earning capacity of the husband; the property, income, and earning capacity of the wife; the health of the parties; and other elements that enter into the status and welfare of the parties. 42 C. J. S. 252, 253, section 624. We said, in Platner v. Platner, supra, 66 Iowa 378, 379, 23 N. W. 764:

"It is the duty of the husband, if of sufficient means, to support his wife and children in accordance with his and their station in life * * *."

And, in Shipley v. Shipley, supra, 187 Iowa 1295, 1305, 175 N. W. 51, 55, we pointed out that the allowance should be "suitable for the wife, measured by the situation of the parties

and the income of the husband * * *." See, also, 27 Am. Jur. 23, section 415.

With the plaintiff's right to separate maintenance established without question, we will first review the award for her maintenance. The record shows defendant owns no realty. He is a farmer and his income for 1943 was $2,435.58. The record would support a finding that his personal property was worth $13,977.10. Defendant does not seriously argue that the award of $25 a month was excessive. But any lump-sum award is not favored in separate-maintenance suits. The rule is thus stated in 27 Am. Jur. 23, section 415:

"The general practice is to make such an allowance in instalments, usually monthly * * * In this regard, it has been ruled that the only duty which a court can enforce in a suit for * * * separate maintenance, without divorce, is maintenance, and for this purpose it can deal only with the income of the parties, having no power to divest either of the corpus of his or her estate in order to give it to the other * * *."

In 42 C. J. S. 251, section 623b(2), the rule is stated that:

"The decree ordinarily should provide for payments at stated intervals, and a lump sum instead of a periodical allowance is not favored, although it may be decreed in exceptional cases."

We gave expression to the same general rule in Shipley v. Shipley, supra, 187 Iowa 1295, 1305, 175 N. W. 51, 55, where we stated:

"Independent suits for alimony do not involve an adjudication of relative property rights. The parties continue husband and wife, and, in the event of death of either, the other is entitled to his or her distributive share in the property. Allowance is made, suitable for the wife, measured by the situation of the parties and the income of the husband, but no portion of the estate is set apart, or a sum allowed in gross. Such allowance is not absolutely permanent, as it is subject to revision during separation, and may be increased or decreased, according to the circumstances of the parties, thereby preserving the

equality of their respective incomes. It terminates whenever the necessity for it ceases. The sole purpose is to afford the wife support during separation.''

And in the earliest case of separate maintenance, or Graves v. Graves, supra, 36 Iowa 310, 314, 14 Am. Rep. 525, the trial court allowed $850 for past support as well as $25 a month for future support. · In reversing the $850 award, we stated:

''But in the absence of all showing that any obligations or indebtedness have been incurred by the wife, or that any claims are outstanding on account of her maintenance prior to the commencement of this action; and in view of all the facts in this ·case, we are not prepared to allow any thing for maintenance prior to the commencement of this suit.''

We have examined all of the opinions of this court involving separate-maintenance suits without finding any case where a lump-sum award has been upheld. In the absence of very special circumstances, we do not think such an award should be made in a separate-maintenance suit. The considerations which support a lump-sum award or division of property in a divorce action that terminate property rights are not present in separate-maintenance suits where property rights are retained.

Because of the foregoing principles we would be disposed to reverse the trial court's lump-sum award to plaintiff were it not for other considerations present in this case. Defendant does not seem to argue that the court did not have a right to award a lump sum to plaintiff. His chief complaint is as to the amount of the award. Defendant does, at one place in his argument, state that no lump-sum award should have been made, but his chief contention is that it is excessive and he asks us to reduce it to $500. In oral argument defendant contended it should be reduced to not more than $1,000 and defendant be allowed to pay this in installments. It is evident the trial court fixed the monthly payments of $25 rather low because of the additional $2,000 judgment. While this trial is in equity and de novo in this court, we do not feel that we should reverse the lump-sum judgment and leave the plaintiff merely the $25

monthly award. Neither do we feel justified, since the plaintiff has not appealed, in reversing the lump-sum award and increasing the $25 monthly award (though the record would support an increase), for the result might be a much larger award in favor of plaintiff than the one defendant has appealed from. Under the whole record, we have decided to affirm the award to plaintiff of $25 a month from August 1, 1944, and the award of $2,000, with the modification that the $2,000 judgment shall be payable in monthly installments, without interest, at the rate of $20 a month. The record further shows that defendant has paid $75 a month for temporary support during the appeal. The amount so paid in excess of $25 a month since August 1, 1944, will be allowed as a credit upon the $2,000 judgment. All of the costs will be taxed to defendant. The record also shows that the court allowed plaintiff an additional $100 for preparation of this appeal. Plaintiff states that $38.60 was expended for a transcript and $21.25 for printing her brief and argument. The unexpended portion of this sum will also be allowed as a credit on the $2,000 lump-sum judgment.

Some precedent for our holding herein is found in Goldie v. Goldie, 123 Iowa 175, 98 N. W. 630, 99 N. W. 707. There the wife in a separate-maintenance action was awarded $425 for temporary support and $160 a year. She was given the option of a $2,500 judgment if the payments were not made. We upheld the decree, but upon rehearing, when both parties asked for the settlement of property rights under the provision for a $2,500 judgment, we changed the award to a $1,500 lump-sum payment.

II. The second assigned error is directed to the allowance of the attorneys' fees in the sum of $1,000 for plaintiff's attorneys. Plaintiff seeks an additional allowance in this court for services of her attorneys in connection with this appeal. The record indicates the trial in the district court consumed about three days. The amount of the award is in the sound discretion of the trial court. While the award seems rather high, we are not inclined to hold that the trial court abused its discretion. No further allowance will be made to plaintiff's attorneys for services in connection with her appeal.

As modified in the manner set forth herein, the decree of the trial court is affirmed.—Modified and affirmed.

HALE, C. J., and MANTZ, SMITH, OLIVER, GARFIELD, MILLER, and WENNERSTRUM, JJ., concur.

BLISS, J., takes no part.