GARBERSON v. GARBERSON.

Civ. No. 546.

United States District Court
N. D. Iowa, W. D.

March 8, 1949.

Carlos W. Goltz, of Sioux City, Iowa, for plaintiff.

Shull & Marshall, of Sioux City, Iowa, for defendant.

GRAVEN, District Judge.

Motion by the plaintiff to remand her suit for separate maintenance to the District Court of Iowa, in and for Woodbury County, from which court defendant has removed it to this Court on grounds of diversity of citizenship, involving the question of the jurisdiction of United States Courts over such causes.

Helen C. Garberson brought an action against her husband, John Howard Garberson, in the District Court of Iowa, in and for Woodbury County, alleging that she was a resident of Sioux City, Woodbury County, Iowa; that defendant was a resident of Miles City, Custer County, Montana; that the defendant had deserted and abandoned her; and praying for a legal separation, separate maintenance, temporary alimony, suit money, attorney fees, and the care and custody of their minor adopted child, John Kenneth Garberson. A copy of plaintiff's petition was personally served upon defendant in Miles City, Custer County, Montana. Before filing an answer to such petition and within the time required by law, the defendant removed the cause to this Court on the ground of diversity of citizenship. Plaintiff thereupon filed the present motion for remand to the state court.

Section 1332 of the Revised Judicial Code provides, so far as here material, that the "district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $3,000 exclusive of interest and costs, and is between: (1) Citizens of different States". 28 U.S.C.A. § 1332. The Reviser's Notes to this Section state: "Words 'all civil actions' were substituted for 'all suits of a civil nature, at common law or in equity' in order to conform to Rule 2 of the Federal Rules of Civil Procedure."

It is first necessary, therefore, to determine whether these jurisdictional requirements are present in the instant case.

■ To meet the jurisdictional requirement of diversity of citizenship above set out, it is not sufficient that the parties merely reside in different states. Citizenship in this context has been held to mean domicil, so that the parties must be domiciled in different states to satisfy the diversity requirement. Williamson v. Osenton, 1914, 232 U.S. 619, 34 S.Ct. 442, 58 L.Ed. 758; Morris v. Gilmer, 1889, 129 U.S. 315, 9 S.Ct. 289, 32 L.Ed. 690; Baker v. Keck, D.C. Ill. 1936, 13 F.Supp. 486; Hammerstein v. Lyne, D.C.Mo. 1912, 200 F. 165; Marks v. Marks, C.C.Tenn. 1896, 75 F. 321. Domicil is generally defined as the concurrence of physical presence in a place

with the present intention of residing there indefinitely. Williams v. North Carolina, 1944, 325 U.S. 226, 65 S.Ct. 1092, 89 L. Ed. 1577, 157 A.L.R. 1366; State of Texas v. Florida, 1939, 306 U.S. 398, 59 S.Ct. 563, 830, 83 L.Ed. 817, 121 A.L.R. 1179; Williamson v. Osenton, 1914, 232 U.S. 619, 34 S.Ct. 442, 58 L.Ed. 758; Restatement— Conflict of Laws, Ch. 2. The earlier legal fiction that a wife's domicil was at all times and under all circumstances the same as that of her husband has been considerably relaxed. That a wife may acquire a separate domicil when her husband has been guilty of marital misconduct such as alleged in plaintiff's petition here, is no longer questioned. Williams v. North Carolina, 1942, 317 U.S. 287, 63 S.Ct. 207, 87 L.Ed. 279, 143 A.L.R. 1273; Williamson v. Osenton, 1914, 232 U.S. 619, 34 S.Ct. 442, 58 L.Ed. 758; Restatement—Conflict of Laws, Sec. 28. The plaintiff's petition states that she is a bona fide resident of the State of Iowa with the present intention of residing here permanently, and that defendant is and has been for many years a resident of the State of Montana where he is engaged in the practice of medicine. For the purpose of this motion since plaintiff is the party moving for the remand, it is necessary to assume that these allegations are true. Upon such assumption plaintiff is clearly a domiciliary of Iowa and defendant a domiciliary of Montana. Therefore, the jurisdictional requirement of diversity of citizenship has been satisfied.

■ A second requirement is that at least $3,000 be involved exclusive of interest and costs. In her prayer for relief, the plaintiff does not specify any certain amount for her separate maintenance and the support of the minor son, but asks for a permanent monthly sum for life "consistent with the property holdings of the defendant, her station in life, her physical condition and the property owned by the defendant." In discussing the amount to be awarded in separate maintenance suits, the Iowa Supreme Court said in Avery v. Avery, 1945, 236 Iowa 9, 17 N.W.2d 820, 822: "When the wife's right to be maintained outside of the husband's home has been established, then the award for her

maintenance should, if possible under all the circumstances, be a sum, payable at regular intervals, sufficient to maintain and support her in the same manner which she enjoyed while living with her husband. Circumstances which should be taken into consideration in determining the amount of the allowance include the property, income, and earning capacity of the husband; the property, income, and earning capacity of the wife; the health of the parties and other elements that enter into the status and welfare of the parties."

In her petition the plaintiff alleges that defendant is a millionaire with an income reported to be $300,000 annually and large property holdings in both Montana and Iowa, and that she is a semi-invalid without adequate means of support. The defendant in his petition for removal alleges that more than $3,000 exclusive of interest and costs is involved, and the plaintiff does not controvert that allegation. In view of these allegations and in view of the above quotation from a recent Iowa case, there appears to be little doubt that a minimum of $3,000 is involved in this action.

■ Finally, it is necessary to determine whether this is a suit of a civil nature, either at common law or in equity. The Iowa Supreme Court first recognized the remedy now known as separate maintenance in the early case of Graves v. Graves, 1873, 36 Iowa 310, 14 Am.Rep. 525. After pointing out that in early England the ecclesiastical courts had jurisdiction of divorce and alimony but had no jurisdiction to grant alimony alone, which might explain why the majority of the courts of equity declined to grant such relief, the Court continued, 36 Iowa at pages 312-313, 14 Am.Rep. 525: "That a husband is bound, both in law and in equity, for the support and maintenance of his wife is a proposition hitherto and now undisputed. If by his conduct he makes it unsafe, or by entertaining others there he makes it immoral for her to remain at his home, she may leave it and him and carry with her his credit for her maintenance elsewhere. So that, in such case, a victualler, a merchant, a dressmaker, a milliner, a shoemaker, a laundress, a physician, a lawyer, or any dealer in the necessaries of life may sever-

ally supply the wife with the articles needful and proper in her situation, and may respectively maintain their actions against the husband for their value. This remedy the law affords. But this involves multiplicity of suits; and besides the remedy is by no means adequate. The wife may find it difficult, if not impossible, to obtain a continuous support in this way, since such dealers and professional men would be unwilling to supply their articles or services if thus compelled to resort to litigation in order to secure their pay. Here then is a plain legal duty of the husband for the violation of which no adequate remedy, even with a multiplicity of suits, can be had, except in a court of equity. Upon the ground of avoiding a multiplicity of suits, or on the ground that no adequate remedy can be had at law, a court of equity may properly base its jurisdiction in such cases."

This inherent power of the court of equity to grant separate maintenance has since become well established in Iowa. Avery v. Avery, 1945, 236 Iowa 9, 17 N.W. 2d 820; Brown v. Brown, 1943, 232 Iowa 1265, 8 N.W.2d 414; Shipley v. Shipley, 1919, 187 Iowa 1295, 175 N.W. 51; Shors v. Shors, 1906, 133 Iowa 22, 110 N.W. 16; Platner v. Platner, 1885, 66 Iowa 378, 23 N.W. 764; Note, 24 Iowa L.Rev. 137. And, contrary to what the Court in the Graves case said was true at that time, this view now appears to have the great weight of authority. See annotation to Heflin v. Heflin, 1941, 177 Va. 385, 14 S.E.2d 317, 141 A.L.R. 391. While there are no statutory provisions governing separate maintenance in Iowa, the Iowa Court has held that the grounds therefor are generally the same as the statutory grounds for divorce found in Section 598.8 of the Iowa Code 1946. Avery v. Avery, 1945, 236 Iowa 9, 17 N.W.2d 820; Shors v. Shors, 1906, 133 Iowa 22, 110 N.W. 16.

The defendant in resistance to the motion for remand claims that the jurisdictional requirements of Section 1332 have all been met. If the question were to be determined alone from a reading of this Section, there would be much force in the claim of the defendant.

However, in the early case of Barber v. Barber, 1858, 62 U.S. 582, at page 584, 21 How. 582, at page 584, 16 L.Ed. 226, the Supreme Court made the following statement: "We disclaim altogether any jurisdiction in the courts of the United States upon the subject of divorce, or for the allowance of alimony, either as an original proceeding in chancery or as an incident to divorce *a vinculo,* or to one from bed and board."

Although such a declaration was not necessary to the decision in that case, it has been uniformly held to be the law since that decision. Williams v. North Carolina, 1944, 325 U.S. 226, 65 S.Ct. 1092, 89 L.Ed. 1577, 157 A.L.R. 1366; Popovici v. Agler, 1930, 280 U.S. 379, 50 S.Ct. 154, 74 L.Ed. 489; De La Rama v. De La Rama, 1906, 201 U.S. 303, 26 S.Ct. 485, 50 L.Ed. 765; Simms v. Simms, 1899, 175 U.S. 162, 20 S. Ct. 58, 44 L.Ed. 115; McCarty v. Hollis, 10 Cir., 1941, 120 F.2d 540; Popovici v. Popovici, D.C.Ohio 1927, 30 F.2d 185. The rule has been extended to exclude jurisdiction of the Federal courts over suits for the custody of children, In re Burrus, 1890, 136 U.S. 586, 10 S.Ct. 850, 34 L.Ed. 500, and suits by an illegitimate child against his putative father for support. Albanese v. Richter, 3 Cir., 1947, 161 F.2d 688. While apparently this is the first time that the question of federal court jurisdiction over a suit •for separate maintenance has been squarely presented, it is the view of this Court that the language used by the United States Supreme Court in Barber v. Barber, supra, is sufficiently broad to exclude federal court jurisdiction over such a suit.

The extent to which this judicial exception to the statutory grant of so-called diversity jurisdiction has been applied can best be seen from the companion cases of Popovici v. Popovici, D.C.Ohio 1927, 30 F.2d 185, and Popovici v. Agler, 1930, 280 U.S. 379, 50 S.Ct. 154, 74 L.Ed. 489. In the first of these cases plaintiff sued her husband, a Roumanian consul stationed in Cleveland, for divorce in the Ohio Federal District Court, basing jurisdiction on Article 3, Section 2 of the United States Constitution and the predecessor to Section 1351 of the Revised Judicial Code, 28 U.C.S.A. This constitutional provision gives the Supreme Court original juris-

diction "In all Cases affecting Ambassadors, other public Ministers and Consuls." The Judicial Code gives district courts original jurisdiction of all civil actions against such officials, exclusive of the courts of the States. Notwithstanding this express constitutional and legislative grant, the Court, relying on the above-quoted language from the Barber case, held that it had no jurisdiction to entertain such a suit. Mrs. Popovici thereupon brought her suit in the Ohio state courts and her husband appealed to the United States Supreme Court on jurisdictional grounds. Popovici v. Agler, supra. After setting forth the constitutional and statutory provisions above mentioned, the Court, speaking through Mr. Justice Holmes, said, 280 U.S. at page 383, 50 S.Ct. at page 155, 74 L.Ed. 489: "The language so far as it affects the present case is pretty sweeping, but like all language it has to be interpreted in the light of the tacit assumptions upon which it is reasonable to suppose that the language was used. It has been understood that, 'the whole subject of the domestic relations of husband and wife, parent and child, belongs to the laws of the states and not to the laws of the United States,' Ex Parte Burrus, 136 U.S. 586, 593, 594, 10 S. Ct. 850, 853, 34 L.Ed. 500, and the jurisdiction of the Courts of the United States over divorces and alimony always has been denied." (Citing the Barber, Simms, and De La Rama cases, supra.)

The Court concluded that the State of Ohio had jurisdiction over the cause and affirmed the judgment. This decision has provoked much adverse comment in the legal periodicals. 3 So.Cal.L.Rev. 437; 24 Ill.L.Rev. 898; 25 Ill.L.Rev. 823; 13 Minn. L.Rev. 665; 28 Mich.L.Rev. 591; 38 Yale L.Jour. 990; 43 Harv.L.Rev. 822; 15 Va. L.Rev. 665; 16 Va.L.Rev. 501; 3 Dak.L. Rev. 108; 15 St. Louis L.Rev. 413; 4 Temple L. Quar. 287. The language of the trial court in Popovici v. Popovici, supra, seems pertinent here, 30 F.2d at page 186:

"If the question were presented in the absence of such positive declarations by the Supreme Court of the United States, and were one of first impression, I would be inclined to the view that the case comes within the original jurisdiction of this court; but it would be presumptuous for an inferior court to announce a conclusion adverse to that clearly stated by the Supreme Court on several occasions, on the ground that the high court opinion was dicta because not necessary to a decision of the question before it, or that it was not supported by adequate legal reasons.

"These declarations are in unequivocal language and make no exception. It will be presumed that the Supreme Court had in mind and appreciated the full extent of its constitutional and statutory jurisdiction."

In view of this well established limitation on the general jurisdiction of federal courts based on diversity of citizenship, it is the holding of this Court that the motion to remand the cause to the District Court of Iowa, in and for Woodbury County, be and the same is hereby sustained.